STATE OF MAINE
*vs.*
EDMUND S. HISCOCK

Lincoln.    Opinion, June 24, 1954.

*Alexander A. LaFleur*, Attorney General,
*Boyd Bailey*,
*Miles P. Frye*, Assistant Attorneys General for plaintiff.

*Israel Alpren*,
*Philip M. Isaacson*, for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WEBBER, J. This matter comes before us on a brief statement of facts and defendant's exceptions to a *pro forma* ruling of a justice of the Superior Court sustaining the constitutionality of the Maine Sales and Use Tax Law so-called which was enacted as P. L., 1951, Chap. 250, Sec. 1 and acts amendatory thereof and which appears as R. S., 1944, Chap. 14-A.

The defendant is engaged in the business of making such retail sales as are covered by the law and admittedly, if the law be constitutional, he owes an unpaid tax which, with interest thereon, amounts to $492.21 as awarded by the court below.

Defendant addresses his entire argument, both oral and written, to the proposition that the law imposes a tax upon the consumer rather than the retailer, and that it violates constitutional principles by imposing upon the retailer the duty of collecting the tax without compensation therefor. Counsel for defendant readily concede that their arguments as to constitutionality have no force if the law imposes the tax directly upon the retailer, and we are urged to reconsider and overrule *W. S. Libbey Co.* v. *Johnson,* 148 Me. 410, in which we held that that was its effect. In the *Libbey* case we carefully examined the wording of the law in question and its legislative history and determined that it was the retailer and not the consumer who was intended to be taxed, and that the retailer was vested with a limited right to pass the tax applicable to each particular sale along to the consumer. We carefully distinguished the "incidence of the tax" which in express terms is made to fall on the consumer to enable him properly to claim deductions therefor when computing his Federal income tax. We are not impelled by any reasoning advanced by the defendant in

this case to overrule the holding in the *Libbey* case. Counsel for defendant do not pretend to cite any case holding that such a tax, when imposed upon the retailer, violates any constitutional principle whatever or any fundamental principle of taxation. We do not believe that any such case exists. It is unnecessary here to discuss in detail cases relating to laws which in terms imposed the tax upon the consumer, although we note that even there, there is an overwhelming weight of authority sustaining the constitutionality of such laws.

The entry will be,

*Exceptions overruled.*