# Fowler, Executrix, Appellant, v. Smith.

*Charge of the court—Comment on evidence.*

In charging the jury, it is largely within the discretion of the trial judge as to how much detail shall be entered into; how minute the reference to the testimony shall be, and how extended the discussion.

Where the date of a collateral circumstance bearing strongly on the credibility of the main fact in issue is disputed, it is not error for the court in commenting upon the evidence to say that " it was alleged " that the circumstance occurred in a certain year.

*Evidence—Competency of witness—Relationship.*

In an action by an executor, a brother of the defendant, who was not a party to the suit, and has no interest adverse to plaintiff's testator, is a competent witness. So far as his relationship affects his character as a witness, it bears upon his credibility and not his competency.

*Evidence—Satisfaction of judgment—Prior mortgage.*

On scire facias to revive a judgment, where the defence is that defendant's mother had paid to plaintiff a sum of money which, though smaller than the judgment, was in full satisfaction of it, evidence of the existence of a mortgage prior to the judgment is immaterial. Any contest on such a point would serve only to divert the attention of the jury from the fact whether the agreement of satisfaction was made or not, to the consideration of whether it was wise or prudent to make it, a matter not within their province to decide.

*Accord and satisfaction—Payment of judgment by third person.*

Payment by a third party of a sum of money less than the amount of a judgment, with the understanding that it should be in full satisfaction of the judgment, is a valid accord and satisfaction. In such a case there is a new consideration from a new party, and the rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one, does not apply.

Argued Oct. 27, 1892.    Appeal, No. 43, Oct. T., 1892, by plaintiff, Ann L. Fowler, executrix of James Fowler, deceased, from judgment of C. P. No. 1, Allegheny Co., June T., 1890, No. 653, on verdict for defendant, Zant. McD. Smith.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias to revive judgment.

At the trial, before COLLIER, J., defendant introduced evidence which tended to show that the judgment which was for $7,292 had been fully paid and satisfied by the payment of $2,100 by defendant's mother, under an agreement that such

payment should be an accord and satisfaction of the judgment. The judgment was entered in 1873, and plaintiff's testator did not revive it during his life. It was alleged that the accord and satisfaction was made in 1876, and that, under the agreement, defendant's mother bought in defendant's interest in the real estate, upon which the judgment was a lien.

When L. H. Smith, a brother of defendant, was sworn, he was objected to as incompetent under the act of 1887. Objection overruled, but no exception was noted. [9]

The same witness was asked: "Q. Prior to this sheriff's sale was there any arrangement made with Mr. Fowler with reference to this judgment by you representing your mother? A. Yes, sir; Mr. Fowler called on me on several occasions with reference to settling this judgment."

Counsel for plaintiff object to the defendant putting in any evidence of the alleged contract set up in the affidavit of defence on the ground, first, that it is contradicting substantially the records of this court, and especially contradicts the sheriff's return in respect that the sheriff's return shows that the property was sold to Mrs. Margaret Smith; that it shows that James Fowler had a first lien on this property, and it also shows that James Fowler, the plaintiff, only received $1,660.57; and, secondly, counsel for plaintiff objected to the introduction of this evidence because at common law the defendant cannot set up this defence at all, it is only by treating it as a bill in equity that he can set up the defence; and the plea of payment makes this defence substantially and in fact a bill in equity; and it must be treated as a bill in equity. And that more than fourteen years have elapsed since this defence arose; and it is therefore barred by the equitable statute of limitations or lapse of time. And further that equality is equity, and a party seeking equity must do equity. Objection overruled. Exception. [10]

Plaintiff asked L. H. Smith, on cross-examination: "Q. This agreement was made some time before the property was sold at sheriff's sale? A. Made afterwards. In the first place, he accepted it and then refused, and then it was put up and sold and he bought it in, and after he held it for some time he found the judgment was worthless because there was another claim against the estate. Q. What was the other claim? A. It

was held by my father's uncle—a mortgage on this property. Q. That was a bona fide claim? A. Yes, sir. Q. Did you ever file any papers to satisfy that mortgage?"

Objected to as irrelevant and not cross-examination. Coun sel for plaintiff proposes to prove that this mortgage was not a lien upon this property at all; and that they themselves gave a sworn statement and had it satisfied by an order of court, and they stated they didn't know who was the man that held the mortgage, and didn't know anything about it. Objected to. Objection sustained and exception. [11]

The court charged as follows:

"This is a scire facias to revive a judgment entered in 1873, eighteen years ago. The judgment was for $7,292, and some cents. [If you wish to retain the lien of a judgment you must issue what is called a scire facias to revive it, at the end of five years. For some reason no sci. fa. was issued upon this until lately.] [2] In the meantime, in 1885, the old gentleman died. During his lifetime he took no proceedings to revive it. After his death the administratrix issued a sci. fa. and now wishes to revive the judgment. She has a right to do that, and unless there is something in the case made out by the defendant, would be entitled to your verdict for $10,432.74, if this calculation of interest is right, and it is not disputed. That brings us to the defence, which, if made out to your satisfaction by the evidence, is a complete one in equity; that is, if you believe it, and that is entirely for you. [The defence is that this note was given by the defendant in good faith, that he owed the money, but was unable to pay it:] [3] he was unfortunate or became insolvent through misfortune, or in some way. [After selling what they could in another county they brought the judgment here, and while his mother was living, levied on his interest in his father's estate in Manchester, or somewhere in this county. That interest was bid in by old Mr. Fowler. It is alleged that was in 1876, before the old gentleman was paralyzed, and while he was able to attend to his own business.

By Mr. Robinson; No, Your Honor.

By the Court: "I say it is alleged so. It is also alleged that at that time, after Mr. Fowler had bid it in, an arrangement was made with Mr. Fowler, that inasmuch as the defendant had only this interest, and the mother was living, that she or some-

one for her would pay the amount, $2,100, in money, if they would let that be a satisfaction of the judgment; and that that was agreed to, the money was paid] [4] and a deed made to Mrs. Smith for that property, but that the judgment was never satisfied. [If that is believed by you, it is a perfect defence in equity, because it would be unjust and inequitable under such circumstances, fourteen years afterwards, to proceed on the same judgment and endeavor to revive it and collect it again.] [5]

["The plaintiff, through her counsel and her son, denies that.] [6] [He says such an arrangement never was made; that he knows it was not made by the father, because, in 1876, he was paralyzed and was not out of the house, and could not have made such a bargain; that he did not make any such bargain, and that it was just a payment to get the property.] [7] If that is so, then, as a matter of course, the plaintiff is entitled to the amount of the judgment. There is no dispute that the $2,100 was paid by the old lady, and that she paid the costs. [In investigating that, it is for you to consider, the old gentleman living until 1885, and having done nothing, having acted upon this matter in the way he did, whether that is not some evidence in favor of an arrangement being made of that kind.] [8] But you will remember that the defendant must satisfy you of the defence he sets up. If he has done so by the weight of evidence, the judgment cannot be revived, because it would be inequitable. If he has not satisfied you of that, then your verdict must be for the plaintiff for the full amount."

Plaintiff's points were as follows:

"1. That the issue is on the delivery and acceptance of $2,100 in satisfaction of $7,200 with accrued interest, and the acceptance of a less sum than the whole amount due was not advantageous to the plaintiff and cannot be a satisfaction of the greater sum. *Answer:* This is refused; the facts set up in defence are sufficient in equity to defeat the plaintiff's claim if believed by the jury." [17]

"2. That this is an equitable defence in the nature of a bill in equity filed by the defendant, praying for an injunction to restrain the plaintiff from prosecuting his claim; and is subject to all the defences or objections which such a bill in equity would be subject to. That is (*a*) if more than six years have elapsed since this defence arose, it is barred by lapse of time;

(*b*) and a party who seeks equity must do equity, and equality is equity. The payment of $2,100 is not in equity a satisfaction of a claim of $7,200 with accrued interest." Refused. [18]

" 3. That a judgment of this court is an obligation of the highest nature, which a parol contract addressing itself directly to the judgment is incompetent to discharge." Refused. [19]

" 5. That the matter received in satisfaction must be given by the debtor, and not by a stranger. *Answer :* Affirmed as a general principle." [20]

" 6. That on consideration of all the evidence presented in this case, the verdict of the jury must be for the plaintiff." Refused. [21]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) inadequacy of the charge, quoting whole charge; (2–8) detached portions of the charge as above, quoting them; (9–11) rulings on evidence, quoting bills of exception; (17–21) answers to plaintiff's point, quoting points and answers.

*Charles P. Robinson,* for appellant, cited : On the inadequacy of the charge : Borham v. Davis, 146 Pa. 72 ; Steinbrunner v. Pittsburgh & Western R. R., 146 Pa. 504 ; Yerkes v. Wilson, 81* Pa. 9 ; Snyder v. Wilt, 15 Pa. 59 ; Phila., etc. R. R. v. Alvord, 128 Pa. 47. On question of accord and satisfaction : Brenner v. Herr, 8 Pa. 106 ; Hartman v. Danner, 74 Pa. 36 ; Diller v. Brubaker, 52 Pa. 504 ; Martin v. Frantz, 127 Pa. 389 ; Brockley v. Brockley, 122 Pa. 1 ; Weber v. Couch, 134 Mass. 26.

*Geo. P. Graver, D. T. Watson* with him, for appellee, cited Keen v. Vaughan's Executrix, 48 Pa. 477 ; Brenner v. Herr, 8 Pa. 106.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1893 :

The first eight assignments of error are to the charge, first as a whole, and then to detached sentences, many of the latter of the most unimportant character. Such practice is not to be encouraged. The charge as a whole presents to the jury the nature of the controversy, the claims of the respective parties, the burden of proof, and the province of the jury. These are the substantial elements of the case, and though presented very briefly and in the most general way, we cannot say that

the presentation was either inadequate or erroneous. As held in Borham v. Davis, 146 Pa. 72, "how much detail shall be entered into; how minute the reference to the testimony shall be, and how extended the discussion of it, . . . . must be left largely to the discretion of the presiding judge." In the present case there were but three witnesses, and the learned judge may well have thought that their testimony did not need rehearsing. The only point upon which we have had any doubt was the statement that "it was alleged" by defendant that the agreement for satisfaction was "in 1876 before the old gentleman was paralyzed, and while he was able to attend to his own business." The time of the alleged agreement was only a collateral fact, but it bore very strongly on the credibility of the main fact in issue, the making of the agreement at all. It would have been desirable therefore that the conflict of evidence, if there was any, as to the time, should be brought out strongly so that the jury should see its bearing. The learned judge however was not stating the result of the evidence but the defendant's claim in regard to it. On this point the affidavit of defence avers that the sheriff's sale to Fowler was in Sept. 1876. L. H. Smith says Fowler called several times in reference to settling the judgment, and the arrangement was made prior to this sale. He is positive the arrangement was with James Fowler, and Mr. Woodward testifies also, though not so positively, that he thought he saw Fowler Sr. about the matter. While on the other hand some answers of L. H. Smith seem to be at variance with this date, yet the repugnance was for the jury. The judge was stating in the most general way what the defence was, and we cannot say in view of the evidence, that his expression "it is alleged that this was in 1876," etc., was a material error.

No ground of objection is shown to the competency of L. H. Smith as a witness. He was a brother of the defendant, but he was not a party to the suit nor did it appear that he had any interest adverse to the plaintiff's testator. So far as his relationship to defendant affected his character as a witness it bore upon his credibility not his competency.

The exceptions relating to the prior mortgage cannot be sustained. The existence of such mortgage, and whether or not it was a lien were merely collateral facts. Mr. Woodward who

was counsel for Fowler Sr. testifies that there was supposed to be a prior mortgage at the time of the sale. Whether there really was such a mortgage existing as a valid lien on this land was unimportant. The only bearing of the fact was upon the credibility of the agreement set up in defence, and for that purpose the effect of a supposed mortgage, upon the parties, was the same as if it were real. Any contest on such a point would have served only to divert the attention of the jury from the fact whether the agreement of satisfaction was made or not, to the consideration of whether it was wise or prudent to make it, a matter not within their province to decide.

The answers to the points were at least as favorable to the appellant as she was entitled to. Any matters which have arisen subsequent to a judgment, and which amount to payment in fact or in law may be pleaded in bar as a defence, and may be proved by parol: Savage v. Everman, 70 Pa. 315; Hendrick v. Thomas, 106 Pa. 327. And the reason that payment of money in discharge of a larger amount presently due is not a good accord and satisfaction (Mechanic's Bank v. Huston, 11 W. N. 389), is that the debtor gives nothing he was not already bound to give, and the creditor receives nothing he is not already entitled to receive, and there is therefore no consideration. But if there is any advantage to the creditor the law will not weigh the adequacy of the consideration: Hendrick v. Thomas, supra; Grayson's Appeal, 108 Pa. 581. In the present case the payment of money was by the defendant's mother out of her own estate on which Fowler had no claim whatever. It was therefore a new consideration from a new party and not within the rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one, and the learned judge was entirely right in charging that the facts made a good defence if believed by the jury.

Judgment affirmed.