# Barry *v.* Caplin, Appellant.

*Accord and satisfaction—Meeting of minds—Compromise settlements.*

To establish the defense of accord and satisfaction there must be an agreement between the parties and a meeting of their minds upon a state of facts recognized and accepted by both.

In an action on a book account where the defense was that there was a settlement made between the parties, but evidence was produced to show that, through a mistake, certain items of the account had not been presented at the time of settlement, but, through an error, were charged to the account of another person, and it further appeared that the error was not discovered until after the settlement was made, the defendant cannot set up the defense of accord and satisfaction. Under such circumstances, it cannot be said that there was a meeting of minds upon a state of facts, recognized and accepted by both parties, and the defense of accord and satisfaction was not established.

*Appeals—Assignments of error—Improper assignment.*

A technical question of pleading, never raised in the court below, never considered by that court, that goes not to the merits of the controversy and that in any event would have resulted in no more than a formal amendment of the pleadings, will not be considered on appeal.

Keller and Trexler, JJ., dissent.

Argued October 21, 1919. Appeal, No. 11, Oct. T., 1919, by defendants, from judgment of Municipal Court of Philadelphia, August T., 1916, No. 124, in favor of plaintiff in suit tried by the court without a jury in the care of E. E. Berry v. Simon Caplin, Morris Caplin, Abraham Rubin, Joseph Spector and Samuel Spector, trading as Quaker City Dairy Company. Before Or-

LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit of goods sold and delivered. Before GORMAN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff for the sum of $337.59, and judgment was entered thereon. Defendant appealed.

*Errors assigned* were in refusing defendants' point for binding instructions and motion for judgment non obstante veredicto.

*Joseph Gross,* for appellant.—The settlement between the parties constituted accord and satisfaction of all accounts between them : Smalley v. Blachard, 29 Lack. 9; Flynn v. Hurlock, 194 Pa. 462; Flaccus v. Wood, 260 Pa. 161; Rhoads's Est., 189 Pa. 460; McDonald v. Piper, 193 Pa. 312; Crawford v. Forest Oil Company, 189 Pa. 415; Benseman v. Prudential Ins. Co., 13 Pa. Superior Ct. 363.

*Harry S. Mesirov,* for appellee.—A settlement made under a mistaken knowledge of the facts is not an accord and satisfaction : Ambler v. McClure, 238 Pa. 409; Dimmick v. Banning, Cooper & Co., 256 Pa. 295; Insurance Co. v. Canan, 195 Pa. 589; Phila., B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524; Mowry v. National Protective Society, 27 Pa. Superior Ct. 390; Brush Hat Manufacturing Co. v. Abeles, 45 Pa. Superior Ct. 243.

OPINION BY HEAD, J., February 28, 1920:

The first position taken by counsel on the argument on this appeal may be disposed of with the remark the question is not properly before us. It arises from no

ruling made by the trial judge, rests on no objection by counsel to any such ruling and no exception that would bring it upon the record. It is true, there was a point for binding instructions generally and an exception to its refusal. But, if cases are to be decided with common fairness to the trial court and the parties, such point should not furnish a satisfactory warrant for here urging, for the first time, a technical question of pleading, never raised in the court below, never considered or determined by that court, that goes not to the merits of the controversy, and that in any event would have resulted in no more than a formal amendment of the pleadings: Lindsay v. Dutton, 227 Pa. 208.

It is unnecessary, at this late date, to take up time and space in an attempt to define the legal principle we recognize when we use the term "accord and satisfaction"; nor need we refer to the numerous cases in which that principle has been so often and so carefully stated. A study of them, however, will make it plain, that in the attempt to apply the principle to any given state of facts three considerations must always be kept in mind. (1) There must be an agreement between the parties; a meeting of their minds upon a state of facts recognized and accepted by both. Nothing less would satisfy the common as well as the legal significance of the word "accord." (2) The principle itself, being always the same, the propriety of its application in any given case must depend on the facts peculiar to that case. (3) It is only in the rarest of cases, where the facts are so exceptional there can be no doubt of the intention of the parties, that the payment of a portion of an existing debt can work the legal satisfaction and extinguishment of the whole of the debt.

1. It has been found by the court below as a fact, supported by evidence, that the thing the parties to this controversy had in view and the subject upon which their minds met, if they met at all, was the settlement of an account of $504 presented by the plaintiff's agent to the

defendants along with a demand for the payment of the same. The testimony of the plaintiff's agent leaves no doubt but that this was the subject-matter and the whole of it in his mind at the time the parties met and reached some settlement. The testimony of one of the defendants, Simon Caplan, although given with some apparent air of reluctance, necessarily supports the same conclusion. He declares that plaintiff's agent had a statement of the account with him; that they went over it item by item, and that he made his claims against each item as they went over it. The result of their work is thus stated by him in his own language: "Mr. Crawford (plaintiff's agent) was claiming something over $500 for the Dairymen's Supply bills and we told them that we couldn't afford to give him much for it because he should make good for the other things he promised. So, finally, we came to a settlement if we gave him $200 it would be satisfactory and we gave him a check," etc.

The evidence was clear and convincing that plaintiff's agent then believed he had with him the entire account of his principal against the defendants and he is corroborated in this by the testimony of the bookkeeper. It afterwards turned out that two bills owed by the defendants, which should have been charged to their account, had been mistakenly charged to the account of another person. This mistake of fact did not come to the knowledge of the plaintiff until after the settlement in controversy had been made. It then appeared the defendants still owed two bills aggregating $304.15 on account of which they had never paid anything. As stated, the existence of these accounts was not known to the plaintiff's agent at the time of the settlement. Whether or not the defendants knew of their existence remains to some extent a matter of conjecture. The learned trial judge expresses the opinion that they knew the accounts now in suit were due at the time and says "their silence at that time is not to be considered in their favor in an attempt to relieve themselves of this debt by writing on the check

which was given in compromise and settlement of a disputed account and which did not include the account sued," etc.

Summing up the controversy as it is developed by the evidence, it is plain enough that the plaintiff went to the defendants with an account which disclosed but two-thirds of an indebtedness of the latter, although it was the plaintiff's belief it exhibited all of it. By the use of some counterclaims and by way of set-off the account presented was reduced from $500 to $200 and the plaintiff accepted the check for that amount in settlement of the account. We can see no good reason in law or morals why defendants should be relieved from the payment of the balance of the account now sued for with no apparent defense to it on the merits. The mistake of the plaintiff resulted in no injury to them and ought not to be visited with the consequences that would flow from a reversal of this judgment.

The assignments of error are overruled. Judgment affirmed.

DISSENTING OPINION BY KELLER, J.:

I could concur with everything that has been so well and forcibly said in the opinion of the court in this case, if the defendants had admittedly owed the plaintiff $200 on the bill for $504, presented them by the plaintiff's agent; but no liability was admitted. The defendants claimed certain set-offs to the bill as presented and set up a counterclaim growing out of an alleged breach of contract in excess of the whole amount of the bill. Rather than have a lawsuit and incur the expense necessarily incident thereto, the defendants finally agreed to pay $200 (which was their estimate of the legal expense of such a suit), in compromise settlement provided that sum would "clear up everything." In order that there might be no mistake in the matter, the plaintiff's office was called by telephone and assurance was given by his bookkeeper that the bill presented covered all claims

which the plaintiff, as assignee of the Dairyman's Supply Company, held against the defendants, and in reliance thereon the compromise was effected and a check given by the defendants to the plaintiff marked "in full payment of account to Feby. 1, 1916."

Subsequently, the plaintiff made demand for payment of the account in suit, $304.15, which had been incurred prior to February 1, 1916, but, it was alleged, had been overlooked at the compromise and settlement above referred to.

I do not mean to hold that the plaintiff was absolutely concluded by his prior mistake, but in my judgment, he has no right to retain the fruits of his agreement of compromise and disregard its obligations. It by no means follows that the defendants would have been willing to pay the plaintiff $504.15, in compromise of both claims; they might have preferred to rely upon their set-offs and counterclaim and stand a lawsuit, and they might have escaped any liability at all to the plaintiff in such action.

If the plaintiff chose to set aside the compromise settlement erroneously made by his agent, through the mistake of his bookkeeper, he should have placed, or at least have offered to place, the defendants in the position which they occupied before the settlement was offered, so that neither party was injured by the plaintiff's mistake of fact, and thus leave the whole transaction as it was before the compromise settlement was made. This he refused to do.

For reasons above given I would reverse the judgment.

TREXLER, J., joins in this dissent.