455 A.2d 108

**HAZELWOOD LUMBER COMPANY, INC., Appellee,**

v.

**Joseph T. SMALLHOOVER, Jr., and Dorothy K. Smallhoover, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1982.

Decided Dec. 31, 1982.

Reargument Denied Feb. 16, 1983.

Leonard M. Mendelson, Hollinshead & Mendelson, S. Michael Streib, Pittsburgh, for appellants.

Maurice A. Nernberg, Nernberg & Laffey, Pittsburgh, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Appellants, Joseph T. and Dorothy K. Smallhoover, appeal by allowance from an order of the Superior Court affirming an order of the Court of Common Pleas of Allegheny County which struck from the record "satisfaction" of a judgment, against appellants, in favor of appellee, Hazelwood Lumber Company, Inc. The order appealed from was based upon the old common law rule that payment of a sum less than the face amount of a liquidated debt presently due lacks the consideration necessary to support a binding accord and

satisfaction. We hold that rule inapplicable where a creditor "satisfies" a judgment on the record, and therefore, reverse. 296 Pa.Super. 614, 441 A.2d 440.

In 1969, appellee Hazelwood Lumber Company, Inc. (hereafter referred to as Hazelwood) obtained a judgment by confession against Joseph T. and Dorothy K. Smallhoover (hereafter referred to as Smallhoover) in the amount of $98,257.66. Thereafter, Smallhoover made payments on the judgment until 1974, when the judgment was revived in the amount of $72,372.65.

The debt and subsequent judgment arose from purchases, during the period 1954 to 1971, which Smallhoover had made for J. T. Smallhoover, Inc. from Hazelwood.[1] Hazelwood was then owned by Roger Cunningham and members of his family. Cunningham advised Smallhoover, during this time, that Harry E. Walk, president of Hazelwood, had full authority to act for the corporation.[2] Consequently, from 1954 until 1971, Smallhoover dealt with Hazelwood through Walk.

In May, 1976 Walk contacted Smallhoover and stated the "Cunningham boys" were concerned about the judgment and willing to settle the debt for $15,000.[3] Smallhoover, assuming Walk was still in the employ of Hazelwood, agreed to do so and, with borrowed money made three payments totalling $15,000, by checks on August 15, 1976, January 17, 1977, and April 11, 1977.[4] At Walk's direction, Smallhoover

1. By 1974, the date of revival of the judgment, J.T. Smallhoover, Inc. had ceased doing business.

2. In fact, in December, 1964 Hazelwood recorded a written power of attorney authorizing Walk to act on its behalf. Although this power was subsequently revoked on June 17, 1971, Walk continued in Hazelwood's employ until his retirement in 1976.

3. The Roger Cunningham, referred to previously, had died in the meantime. The term "Cunningham boys" was in reference to his sons.

4. Although the money represented "borrowed" funds, the lower court did not find an understanding between Smallhoover and Walk that a third person(s) should pay the debt. Therefore, the statement in *Fowler v. Smith,* 153 Pa. 639, 645, 25 A. 744, 746–747 (1893), that payment from "a new party" was "not within the rule that receipt of

gave the last check to Lawrence May. May had been the attorney of record for Hazelwood in matters involving the Smallhoover judgment, including the 1974 revival, but had also served Walk as his attorney. Upon receipt of the check, May filed a praecipe to satisfy the judgment, whereupon it was satisfied by the Prothonotary.

Hazelwood never received the $15,000 collected by Walk and filed a "Petition for Rule to Show Cause Why Praecipe for Settlement Should Not Be Stricken and Docket Adjusted According" in 1979. Hazelwood alleged neither Walk nor May had authority to satisfy the debt. The question of authority was resolved against Hazelwood below and that determination is not at issue here.

The lower court, nevertheless, granted the petition by reinstating the judgment at its 1974 revived amount, less $15,000 representing the sum paid by Smallhoover to Walk. Because it found apparent authority in Walk to act as he did, the lower court determined the fact Hazelwood never received a cent of the $15,000 irrelevant as the corporation was bound by the action of its apparent agent.[5]

The lower court's reliance, in reinstating the balance of the judgment on the rule that "payment of a lesser sum than is claimed is ordinarily insufficient consideration to support an accord and satisfaction" of a liquidated debt such as a judgment, Common Pleas Slip Op. at 5, is misplaced in the context of an otherwise proper satisfaction of the record.

We believe this old common law rule, said to originate in *Pinnel's Case,* 5 Coke, 117a, 77 Eng. Reprint, 237, 1 Eng.Rul. Cas. 368 (1602), should have no application to the satisfaction of a judgment entered on judicial records under current

a smaller sum is not a good accord and satisfaction of a larger one, . . . ." is inapplicable to the present case, and our holding here is not based on the source of the payment, but the formalities incident to satisfaction of a record.

**5.** The question of an attorney's authority to compromise the claim of his client, see *Brockley v. Brockley,* 122 Pa. 1, 15 A. 646 (1888), is not involved here since Smallhoover's reliance upon May's authority flowed from his reliance upon the authority of agent Walk, found reasonable by the lower court.

conditions. Indeed, in its genesis it may have been merely a backward glance at even an older common law which refused to find a promise on a promise sufficient consideration to support an executory contract. While it may still have sound psychological roots in the context of executory promises, it is a hinderance to our present legal system if allowed to prevent an otherwise valid record satisfaction of a judgment.

As stated in *Schwartz v. California Claim Service,* 52 Cal.App.2d 47, 125 P.2d 883 (1942),

> [t]he satisfaction of judgments for less than their face value is of everyday occurrence, and since every such settlement represents an agreement mutually satisfactory to the parties and fraught with some benefit to each, it should not be the policy of the law to discourage such sensible arrangements under which a creditor can satisfy a judgment for what he thinks it is worth and a debtor can settle it for what he can afford to pay.

*Id.* at 55, 125 P.2d at 888.

Had Walk, as apparent agent for Hazelwood, signed a written "release or promise" in which he, as agent, accepted $15,000 in satisfaction of a $72,000 debt and expressly stated the corporation "intends to be legally bound," the agreement could not have been voided on the basis of "lack of consideration." Act of May 13, 1927, P.L. 985, § 1, 33 P.S. § 6. A formal entry of satisfaction upon public court records should, likewise, be free of later questions concerning the lack or sufficiency of the consideration found in the agreement for entry of satisfaction. The respect and solemnity accorded official public records should not be less than that given promises between private parties pursuant to our version of the Uniform Written Obligations Act, *supra,* 33 P.S. § 6, *as amended.*

Therefore, because our law should neither invite litigation nor encourage its continuance, we hold a satisfaction entered on the record by or under the authority of a judgment creditor, shall not be open to question on the ground that the

debtor paid, and creditor accepted, a sum less than the face amount of the judgment.[6]

The order of the Superior Court is reversed and the case remanded for further proceedings consistent with this opinion.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, J., files a dissenting opinion in which McDERMOTT, J., joins.

McDERMOTT, J., files a dissenting opinion in which NIX, J., joins.

McDERMOTT, Justice, dissenting.

The majority holds that marking a judgment "satisfied" supplies any insufficiency of consideration when a lesser sum than justly owed is paid.

The issue arises because this Court has held firmly to the common law rule that acceptance of a lesser sum than that owed is, of itself, not sufficient consideration for an accord and satisfaction. The common law rule requires, in addition to the payment of such a lesser sum, a compromise of a genuine dispute about the amount owed.

The Court's holding that, where a creditor marks a judgment "satisfied" upon the records of the court, he cannot move to strike because the satisfaction imparts a sufficiency of consideration, is certainly a reasonable rule and I concur with that holding.

---

6. Of course, our decision does not infringe upon the general equitable powers of a court to strike a satisfaction of judgment upon proof of "fraud or mistake." *Epstein v. Kramer,* 365 Pa. 589, 591, 76 A.2d 212, 213 (1950) [citation omitted]. In the instant case, however, Hazelwood cannot avoid the striking of the judgment on this basis since any fraud or mistake was induced by Walk, Hazelwood's apparent agent, and not by Smallhoover who simply carried out his part of what he reasonably believed was a binding agreement with Walk's principal. *DeTurck v. Matz,* 180 Pa. 347, 36 A. 861 (1897); *see also* footnote 5, supra.

I dissent, however, that this holding should be the law of the instant case.

The court of common pleas and the Superior Court both held that under existing law the acceptance of a lesser sum without a genuine dispute as to the amount owed is insufficient consideration for the satisfaction of a judgment.

In so doing they followed an entrenched line of Superior Court decisions and the distinct holding of this Court in *Brunswick Corp. v. Levin,* 442 Pa. 488, 276 A.2d 532 (1971), wherein now-Chief Justice O'Brien speaking, for an undivided Court, affirmed the common law rule stating:

The same elements are necessary to show the existence of an "accord and satisfaction" as to show the existence of any contract. There must be a "meeting of the minds." *Barry v. Caplin,* 73 Pa.Super. 487 (1920). There must be consideration, which in the case of an accord and satisfaction, means that a reasonable dispute exists between the parties. As we explained in *Law v. Mackie,* 373 Pa. 212 at 221, 95 A.2d 656 (1953), citing *Lucacher v. Kerson,* 355 Pa. 79, 48 A.2d 857 (1946): "Where there is a dispute or disagreement between the debtor and creditor as to their respective rights, a payment tendered in full satisfaction of the other's claim operates as an accord and satisfaction if the payment is accepted and retained. On the other hand, in the absence of such a controversy, the payment of a part of the amount due under a contract, even though accepted by the creditor as in full satisfaction of the debt, does not work a discharge of the entire indebtedness, for the reason that there is no consideration for the creditor's agreement that it should so operate."

422 Pa. at 491, 276 A.2d at 533–34. These are hardly the words of driven epigones of Lord Coke. If the majority opinion in this case did no more than give a new source to supply sufficient consideration for an accord and satisfaction and provide a rule to enforce it, our time would have been well spent.

The opinion, however, ruminates in aporia, feigned or imagined, about the validity of the common law that sub-

sumes its holding. Tracing its provenance to old Lord Coke's Reports the majority finds that "it may still have sound psychological roots in the content of executory promises" which I gather to mean, maybe it does not. *See* Majority Opinion at 110. I see no reason, in passing, to throw doubt on a settled principle of law, while saying "our law should neither invite litigation nor encourage its continuance." *See* Majority Opinion at 110.

This is a case of an unfaithful servant and the majority rightly holds that he was invested with apparent authority. While a master must answer for loss inflicted by one wearing his apparent authority, that loss must be a legal one. If Mr. Smallhoover did not give legally sufficient consideration under existing law, he suffered no loss, for he gave only what he was obliged to give. He did not give legally sufficient consideration unless he paid a lesser sum for a genuinely disputed debt. In his answer to the motion to strike, he raised that very issue; he argued that the original judgment was induced by fraud. He obviously knew the requirements of the rule and responded accordingly.

Cases such as this one are of rare occurrence because the law has been well settled. To my mind, under all the facts of this case, it is an injustice to alter or change that rule on the parties hereto. I would strike the "satisfaction" and remand the case to the court of common pleas to determine whether there was an accord and satisfaction under the long-standing law.

NIX, J., joins in this dissenting opinion.

NIX, Justice, dissenting.

It is inequitable to permit one to become unjustly enriched from another's misfortune. I agree that appellants (Smallhoover) must be given credit for the $15,000.00 paid to prior counsel, Harry E. Walk, and counsel of record, Lawrence May, for appellee (Hazelwood) albeit the $15,000.00 was not received by Hazelwood. However, since appellants purchased goods from appellee and failed to pay for those goods, the majority's decision is a $57,372.65 boon (the un-

paid balance minus the $15,000.00 paid to Walk and May) to Smallhoover.

To depart from the longstanding rule that "payment of a lesser sum than is claimed is ordinarily insufficient consideration to support an accord and satisfaction" under the facts of this case produces a result as unjust as that produced by the conduct of Hazelwood's agent.

In general, current conditions may call for some refinement of, or exceptions to the ancient rule. However, the present case in controversy is not the appropriate instance where modification is either warranted or proper. As valid as the majority's simile of the Uniform Written Obligations Act, Act of May 13, 1927, P.L. 985, § 1, 33 P.S. § 6, may appear to be on first reading, close scrutiny reveals it inopposite to the instant case since that Act applies to signers, rather than binds principals of the agents who have signed they "intend to be legally bound." 33 P.S. § 6; *Hoober v. Charles,* 42 Lanc. 673 (1931).

McDERMOTT, J., joins in this dissenting opinion.