**499**

**RITA M. FLEMING**

v.

**CNA INSURANCE COMPANY and Continental Casualty Company.**

No. CIV. A. 98–CV–5791.

United States District Court, E.D. Pennsylvania.

June 21, 1999.

court sees no reason not to consider it.

**500**

Robert E. Slota, Law Offices of Robert E. Slota, Bryn Mawr, PA, for Plaintiff.

Timothy C. Costello, Marshall, Donnehey, Warner, Coleman & Goggin, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case is again before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Inasmuch as the defendants had relied upon and annexed some evidentiary material to its motion, by Order dated March 30, 1999, we held that the motion would be converted to one for summary judgment under Rule 56 and gave the plaintiff sixty days to produce any evidence and/or responsive briefs which she deemed appropriate. The plaintiff has since supplemented the record accordingly, defendants have advised that they do not wish to submit anything further, and the motion is therefore now ripe for disposition. For the reasons set forth below, the motion is denied.

### Statement of Facts

This action arises out of an automobile accident which occurred on November 6, 1992 between the plaintiff, Rita Fleming and an unidentified underinsured driver. As a result of this accident, Ms. Fleming sustained serious personal injuries. On June 16, 1994, plaintiff made a demand for benefits under the underinsured motorist provisions of the automobile insurance policy which she had with the defendants which provided coverage in the amount of $300,000. Defendants are alleged to have first denied plaintiff's claim and her right to arbitration, and then to have delayed the arbitration of her claim. Eventually, however, the claim was arbitrated and on August 7, 1997, Ms. Fleming was awarded the gross sum of $200,000 which was reduced by some $30,000 in credits for a net award of $170,000.

The plaintiff apparently heard nothing from the defendants following the arbitration award and her counsel, Bernard DiGiacomo, Esquire therefore wrote a letter on August 18, 1997 to defendants' counsel requesting prompt payment of the award and advising (1) that plaintiff was making a claim for the sum of the $5,000 lost wage coverage credit which the arbitrators had given defendants but which defendants had never paid; (2) that plaintiff would expect defendants to pay interest at the daily rate of $28.33 on the award from the date that it was entered; and (3) that

"[a]ny check which is forwarded ... and which does not include appropriate interest ... and which is submitted as "full payment" or the equivalent thereof, will be cashed ... without waiver of legally due interest." Thereafter, on August 22, 1997, defendants issued their check No. 0556621 in the amount of $170,000 made payable to Rita Fleming and Bernard DiGiacomo, Esquire. The check referenced a date of loss of 11/6/92 and on its face stated that it was in "FULL & FINAL SETTLEMENT OF ANY & ALL CLAIMS." Ms. Fleming cashed this check, apparently without further discussion or complaint.

On November 17, 1997, plaintiff filed suit against defendants in the Court of Common Pleas of Philadelphia County alleging that defendants acted in bad faith in violation of 42 Pa.C.S. § 8371 by failing to promptly respond, investigate and pay her claim for underinsured motorist benefits. One year later, plaintiff filed virtually the same complaint in this court and then voluntarily discontinued the state court suit.

### Standards Governing Summary Judgment Motions

The standards to be applied by the district courts in ruling on motions for summary judgment are set forth in Fed. R.Civ.P. 56. Under subsection (c) of that rule,

> ....The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Pursuant to this rule, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.

1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990).

Generally, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa.1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa.1990).

Where, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against [it]." Fed.R.Civ.P. 56(e). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and it cannot rely on unsupported assertions, conclusory allegations, or mere suspicions or beliefs in attempting to survive such a motion. *Tziatzios v. U.S.*, 164 F.R.D. 410, 411, 412 (E.D.Pa.1996) citing *Celotex v. Catrett, supra*, 477 U.S. at 325, 106 S.Ct. at 2553–54, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202; *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3rd Cir.1989).

### Discussion

By way of the instant motion, defendants assert that plaintiff's bad faith claim is barred by the doctrine of accord and satisfaction. Specifically, defendants argue that, by cashing the $170,000 check with the endorsement that it was in full and final settlement of any and all claims, the plaintiff effectively gave them a release. We strongly disagree.

 An accord and satisfaction is a substitute contract between a debtor and creditor for the settlement of a debt by some alternative performance other than full payment of the debt. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 (3rd Cir.1999). *See Also:* Restatement (Second) of Contracts, § 281 (1981). Because an accord is a contract, it requires the elements of a contract: offer, acceptance and consideration. *Occidental Chemical Corporation v. Environmental Liners, Inc.*, 859 F.Supp. 791, 793 (E.D.Pa. 1994), citing *Brunswick Corp. v. Levin*, 442 Pa. 488, 276 A.2d 532, 534 (1971) and *Nowicki Constr. Co. v. Panar Corp., N.V.*, 342 Pa.Super. 8, 492 A.2d 36 (1985). The elements of accord and satisfaction are: (1) a disputed debt (2) a clear and unequivocal offer of payment in full satisfaction and (3) acceptance and retention of payment by the offeree. *PNC Bank, National Association v. Balsamo*, 430 Pa.Super. 360, 634 A.2d 645, 655 (1993), *appeal denied*, 538 Pa. 659, 648 A.2d 790 (1994), citing *Law v. Mackie*, 373 Pa. 212, 95 A.2d 656 (1953); *In Re Erie Marine Enterprises, Inc. v. Algoma Central Marine*, 213 B.R. 799, 802 (Bankr.W.D.Pa.1997).

 Generally, the debtor's offer of a full payment check and the creditor's negotiation of that check constitute the offer and acceptance of an accord and satisfaction with the consideration being the resolution of an unliquidated or disputed claim. *Paramount Aviation*, 178 F.3d at 147; *Occidental Chemical*, 859 F.Supp. at 793; *Nowicki*, 492 A.2d at 40. An element essential to the defense of accord and satisfaction is an actual and substantial difference of opinion as to the amount due. *PNC Bank*, 634 A.2d at 655, citing *Hayden v. Coddington*, 169 Pa.Super. 174, 177, 82 A.2d 285, 287 (1951). Thus, in the absence of such a controversy, the payment of a part of the amount due under a contract, even though accepted by the creditor as in full satisfaction of the debt, does not work a discharge of the entire indebtedness for the reason that there is no consideration for the creditor's agreement that it should so operate. *Lucacher v. Kerson*, 355 Pa. 79, 48 A.2d 857, 858 (1946). *See also, First National Bank of Palmerton v. Donaldson, Lufkin & Jenrette Securities Corp.*, 1999 WL 163606, *5 (E.D.Pa.1999).

 Applying all of the foregoing to the case at hand, we find that the record reflects that, despite the "full and final settlement of any and all claims" endorsement, the check which defendants tendered to plaintiff on or about August 22, 1997 was in payment of the judgment entered in favor of the plaintiff and against the defendants by the arbitrators on August 7, 1997. We therefore find that there was no disputed debt or unliquidated damages claim which was satisfied and resolved by the tender of defendants' check and that likewise the required consideration to support an accord and satisfaction is clearly absent here.

 Moreover, the record further demonstrates that some four days before the check was cut, plaintiff's attorney had specifically advised defense counsel that plaintiff would be pursuing interest on the judgment as well as a claim for $5,000 in lost wage coverage and that any check which was submitted as "full payment or the equivalent thereof," would be cashed without waiver of these rights. Plaintiff thereafter did file a separate complaint with her local district justice in Montgomery County for the unpaid interest and it appears as though the defendants did subsequently pay this overdue interest as well as the $5,000 lost wage claim. As a general rule, bad faith claims under 42 Pa.C.S. § 8371

are initiated based upon behavior of an insurance company occurring subsequent to the negligent or intentional behavior of a third party which spawned the original contractual suit. As was the case with plaintiff's claim for interest and wage loss, such bad faith behavior is temporally and factually distinct from any behavior that would impact upon the outcome of the damages and liability disposition of the underlying contract claim. *Nealy v. State Farm Mutual Automobile Insurance Co.,* 695 A.2d 790, 794 (Pa.Super.1997), *appeal denied,* 553 Pa. 690, 717 A.2d 1028 (1998). Since claims for bad faith are deemed to be and are adjudicated separately and apart from the contract disputes upon which they are based, we find defendants' argument that its payment of the judgment against it should operate to release it from plaintiff's bad faith claim to border on the frivolous. So saying, the defendants' motion to dismiss/motion for summary judgment shall be denied pursuant to the attached order.

### ORDER

AND NOW, this —— day of June, 1999, upon consideration of Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) which was converted to a Motion for Summary Judgment pursuant to Fed. R.Civ.P. 56(c), it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.