**ROLAND SPELL and S/V "NICTE HA", Appellant**

**v.**

**A&J POWER SYSTEMS, Appellee**

D.C. Civ. App. No. 1998-025

District of the Virgin Islands

Div. of St. Thomas and St. John

March 20, 2000

JAMES M. DERR, ESQ., St. Thomas U.S.V.I., *for Appellant*

Finch, *Chief Judge*, Moore, Ross, *Sitting by Designation*

### ORDER OF THE COURT

WHEREAS it has come to the Appellate Division's attention that its February 4, 2000, opinion did not discuss V.I. Code Ann. tit. 11A, § 1-207's pertinence to the underlying dispute, it is

ORDERED that the Court's opinion is AMENDED to include new text and to eliminate part of one citation, as underlined and stricken below:

This is a classic case of accord and satisfaction. The Appellate Division will exercise its jurisdiction under V.I. CODE ANN. tit. 4, § 33, and reverse, directing the Territorial Court to enter judgment against the appellee, A&J Power.

The *Virgin Islands Code* contains no provision that controls this case. Section 281 of the RESTATEMENT (SECOND) OF CONTRACTS provides, however, that a creditor who indorses and cashes a debtor's check prominently marked "payment in full" generally "has made an accord under which he has promised to accept payment of the check in satisfaction of the debt." *See* AMERICAN LAW INSTITUTE, RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. d (emphasis added). *The Restatement holds that* payment under this accord terminates the previous contract, *see id.* § 281(a), *and our Code does not provide otherwise.*[1]

The trial court erred by not applying the RESTATEMENT to the

---

[1] We agree with "the majority of courts, [which] have held that [the *Uniform Commercial Code*] does not supersede the defense of accord and satisfaction." *See Occidental Chem. Corp. v. Environmental Liners, Inc.*, 859 F. Supp. 791, 792 (E.D. Pa. 1994) (citations omitted). Title

undisputed facts of the case. "[I]n the absence of local laws to the contrary," the Restatements approved by the American Law Institute supply the common-law rules of decision to Virgin Islands courts. *See* 1 V.I.C. § 4.[2] A&J Power indorsed and deposited Spell's check, which draft clearly bore the words, "full and final payment." The appellee's deposit of that check extinguished the contract under which it attempted to reserve its right to further payment, in favor of the new accord. *See* RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. d ("The *creditor* cannot *generally* avoid the consequences of his exercise of dominion [over the draft] by a declaration that he does not assent to the condition attached by the debtor."); *see also Lawton v. Philbrook*, 1974 U.S. Dist. LEXIS 7701, 10 V.I. 492, 494-95 (D.V.I. App. Div. 1974) (affirming trial court's conclusion that there was no accord or satisfaction because the creditor was not aware of the notation written on the debtor's check). The rule of accord and satisfaction laid down in the RESTATEMENT (SECOND) OF CONTRACTS has been embraced by the majority of American jurisdictions, including those within the Third Circuit. *See, e.g., McMahon Food Corp. v. Burger Dairy Co.*, 103 F.3d 1307, 1313 (7th Cir. 1996) (applying Illinois law); *Brunswick Corp. v. Levin*, 442 Pa. 488, 276 A.2d 532, 534 (Pa. 1971); *Potter v. Pacific Coast Lumber Co.*, 37 Cal. 2d 592, 234 P.2d 16, 18 (Cal. 1951). For example, one trial court concluded that the plaintiff had created an accord and accepted an offer to settle its payment dispute with the defendant by negotiating a check that the defendant had marked, "final payment." *See Occidental Chem. Corp.*, 859 F. Supp. *at* 792-93. The same result attaches in this case.

DATED this 20 day of March, 2000.

---

11A, section 1-207 of the Virgin Islands Code states that "[a] party who with explicit reservation of rights . . . assents to performance in a manner demanded or offered by the other party does not prejudice the rights reserved," but this provision merely "provides machinery for the continuation of performance." *Id.* cmt. 1. It does not apply to offers of payment that would terminate the contract.

Even if section 1-207 applied to this case, however, the appellee would not prevail. A&J Power did not explicitly reserve its rights by inscribing a phrase such as "without prejudice," "under protest," or "all rights reserved" on Spell's check, or clearly inform the appellant that it did not agree to the terms attached to his payment. See 11A V.I.C. § 1-207.

[2] This statute applies to all Virgin Islands courts, including the Small Claims Division of the Territorial Court. *See* 1 V.I.C. § 4; *see also* TERR. CT. R. 64 (recognizing that, unlike most rules of procedure and evidence, substantive laws apply to small claims proceedings).