STANDARD RICE COMPANY *v*. LANDERS.

Opinion delivered June 21, 1926.

ACCORD AND SATISFACTION—MISTAKE IN ACCEPTANCE OF CHECK.—
Where the seller of three carloads of rice authorized the cashier
of his bank to indorse the buyer's check when it came to the
bank, neither he nor the cashier knowing that there was any
dispute as to the price to be paid for the rice, and the cashier
having no authority to adjust any controversy, *held* that accept-
ance of a check for a less sum than the buyer had agreed to pay
did not bind the seller, such acceptance not amounting to an
accord and satisfaction.

Appeal from Poinsett Circuit Court; *George E. Keck*, Judge; affirmed.

*Sivley, Evans & McCadden* and *L. C. Going*, for appellant.

*S. T. Mayo*, for appellees.

SMITH, J.   Appellees sold to appellant three cars of rice, and they testified that the sale was made at the price of $1 per bushel.   The rice was shipped to appellant at Memphis, where it was weighed and inspected, after which appellant remitted to the Bank of Harrisburg at Harrisburg, a voucher-check, in which was shown the numbers of the cars in which the rice was shipped and the proceeds of the sale.   This statement was preceded by a printed notation on the check reading as follows: "Items covered by this check. In full settlement following cars as per wt. sheet attached." The check was for $2,967.15, and was payable to the joint order of J. L. Landers and the Bank of Harrisburg.   The rice was owned by appellees, A. H. Landers and his brother, who were copartners under the firm name of Landers Bros.   The check was made payable in this way for the reason that the bank had a mortgage on the rice.   A. H. Landers testified that he advised the bank of the sale, and informed the cashier that the check would be sent to the bank, and directed the cashier, when the check came, to indorse it and collect it and apply the proceeds thereof to the indebtedness secured by the mortgage.

The cashier of the bank did not know what the terms of the sale were, so, when the check was received by him, he indorsed the names of both payees, and in due course collected the check and applied the proceeds thereof as directed.

Appellee A. H. Landers had the rice in charge for the firm of which he was a member, and was not in Harrisburg when the check was received by the bank. He returned to Harrisburg about three days after the check had been received and indorsed, and was then told by the cashier what the amount of the check was. Landers stated, at the time he received this information, that a mistake had been made, and he immediately called appellant over the long-distance telephone and inquired why he had not been allowed $1 per bushel for his rice in accordance with the contract of sale. The representative of appellant denied that appellant had agreed to pay $1 per bushel for the rice, and testified that the rice was shipped to be sold at the market price, and that the market price had been paid and the rice accounted for on that basis.

Within a few days after this conversation occurred Landers went to Memphis and demanded a settlement on the basis of $1 per bushel. Appellant's manager insisted that appellant had not agreed to pay $1 per bushel; that the sale had been made subject to inspection in Memphis, and that, upon inspection, it was found that the quality of the rice was poor, the rice was badly mixed, and some of it was actually rotten. The manager testified that he produced and exhibited to Landers samples of the rice, which confirmed the inspection, and he further testified that the rice was all in the warehouse, and he proposed to deliver the rice back to Landers if he were not satisfied with the inspection and the price.

Landers admitted that this offer was made to him, but he testified that the rice shown him was not his rice, and that he knew it was not his from the kind of sacks from which it was taken, these sacks being unlike those in which his rice was shipped,

H. H. Rowe testified that, before the rice was shipped, he was employed as a buyer for appellant, and that he inspected the rice and found it in good condition, and that he communicated to appellant the result of his inspection as to samples and grade. A rice buyer for another dealer testified that he, too, inspected appellee's rice, and offered $1.03 per bushel for the rice, but that his offer was declined for the reason that the rice had already been sold to appellant.

The cashier of the bank who indorsed the check testified that, at the time he indorsed it, he did not know there was or would be any question about the correctness thereof.

The jury returned a verdict for appellees for the amount sued for, thus indicating a finding that the rice had been sold at $1 per bushel, and from the judgment pronounced on this verdict is this appeal.

At the trial appellant requested only two instructions, one being a request that the jury be directed to return a verdict in its favor. The second instruction requested by appellant reads as follows: "2. If you find from a preponderance of the evidence that A. H. Landers told Tom Flournoy, cashier of the Harrisburg State Bank, that he had sold his rice to the Standard Rice Company and that that company would send a check to the bank for the proceeds of same, and, when said check came, to indorse it and credit him with the proceeds of it, and if you further find from the evidence that Flournoy did that, you will return a verdict for defendant, although Landers may not have told Flournoy of the contract between himself and the defendant rice company."

Both of these instructions were refused, and exceptions were saved to the refusal, and exceptions were also saved to the instructions given.

Appellant states the issue presented by this appeal as follows: "The question to be determined by this court may be concretely stated as follows: Did the court correctly declare the law with reference to the appellant's plea of accord and satisfaction. If it did, the judgment

in this case should be affirmed; if it did not, the judgment should be reversed and the cause dismissed."

The court told the jury that there had been no accord and satisfaction, for the reason that the undisputed evidence showed the fact to be that the cashier did not know there was a controversy about the price of the rice and had not been authorized to indorse the check for an incorrect amount; and then submitted to the jury the question of fact as to what the terms of the sale were. In these instructions the court told the jury, if the rice had been sold for $1 per bushel, to return a verdict for appellees for the amount sued for, as there was no controversy about the quantity, but, if the sale had not been made for that price, to find the market value of the rice and to credit the amount of the check thereon.

We do not find it necessary to determine what effect should be given the language printed on the check quoted above, for the following reasons: In authorizing the bank cashier to indorse the check, Landers assumed that it would be drawn for the correct amount, as found by the jury, and the cashier did not know it was not for the correct amount. As soon as it was discovered that the check did not cover the contract price, Landers refused to receive it as payment in full. That the cashier had no authority to adjust a controversy—had he known that one existed or would arise—is an undisputed fact in the case. It is also an undisputed fact that appellees sold the rice to appellant, and the question of fact—at what price the rice had been sold—is settled by the verdict of the jury, and, under the testimony, the jury might have found that the market price was even greater than the price sued for, as there was testimony that appellees had refused an offer of $1.03 per bushel, for the reason that it had previously been sold to appellant for $1. The face of the check was for an amount which appellant admitted owing appellees, and the check itself was never received by them or by their authority in settlement of the true price of the rice. It is true the proceeds of the check had been credited to their account at the bank, but it is

true also that this money belonged to them, according to appellant's own testimony.

There was therefore no accord and satisfaction, and the testimony fully sustains the finding that the rice had been sold for $1 per bushel, and the judgment of the court below will therefore be affirmed.