STATE OF MAINE
*vs.*
CHARLES KEITH

Kennebec.    Opinion, November 22, 1960.

*Richard A. Foley, Asst. Atty. Gen.*, for state.

*Harvey & Harvey*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J. This was a suit brought in the name of the State of Maine to collect a deficiency assessment of retail sales tax, the action having been instituted under the rules of practice and procedure in effect prior to December 1, 1959. The facts are not in dispute. Upon notification given by the State Tax Assessor to the defendant of a deficiency assessment, the latter took no steps to obtain reconsideration or to pursue the orderly mechanics of appeal as provided by statute. Correspondence ensued between the defendant's counsel and the office of the Attorney General, who had the matter for collection. At this time all concerned recognized that the tax assessed, with penalties and interest, amounted to $823.17. On July 26, 1958 the defendant offered to compromise for $704.62 on waiver of penalties and interest. On August 13, 1958 this offer was declined. On September 30, 1958 the defendant was threatened with court action by the office of the Attorney General and through a typographical error was advised that with interest to date there had become due the sum of "$337.26." The defendant immediately forwarded to the Bureau of Taxation by registered mail his check for $337.26 on which was noted: "By endorsement this check is accepted in full payment of the following account—Includes all taxes due to date plus interest and penalties * * * If incorrect please return, no receipt necessary." This check was at once processed for negotiation by the bureau through the office of the Treasurer of the State of Maine and was subsequently cleared and paid. On October 9, 1958 the office of the Attorney General acknowledged receipt of the $337.26 and called attention

to the fact that the total claim had reached the amount of $837.26 and that the figure set forth in the prior letter had been in error. Request was made for the payment of the balance of $500. On October 14, 1958 the defendant acknowledged the claim of the State that an error had been made and demanded the return of his check for $337.26. On October 17, 1958 he was informed that the check had been previously negotiated and therefore could not be returned. He was again advised that suit would be instituted for the balance. On this evidence a single justice below found for the defendant on the theory that the negotiation of the check after knowledge of the error was a ratification of the prior erroneous offer to accept $337.26 in full. Exceptions by the plaintiff raise the issues here to be determined.

In our view the issue is narrowed by the fact that defendant was not here dealing with a private individual or corporation in an effort to compromise a claim in the nature of debt. He was dealing with the sovereign in connection with an unpaid tax. The defendant operates a store and as such is engaged in making taxable sales at retail.

The sales tax is by statute made a tax upon the retailer, the incidence of which is made to fall upon the consumer. *W. S. Libbey Co.* v. *Johnson,* 148 Me. 410; *State* v. *Hiscock,* 150 Me. 147.

One is precluded from legal action upon a "demand" settled by accord and satisfaction under the provisions of R. S., Chap. 113, Sec. 64. A tax is not a "demand" nor is it a debt. It is an impost creating an obligation to pay without the necessity of any consent or agreement, express or implied, on the part of the taxpayer. *Frankfort* v. *Lumber Co.,* 128 Me. 1; *Old Colony Trust Company* v. *McGowan,* 156 Me. 138; 163 A. (2nd) 538, 542. Accordingly, taxes are not the subject of accord and satisfaction. *Frankfort* v. *Lumber Co., supra.*

The orderly process for challenging this tax was provided by statute and was available to the taxpayer. Within fifteen days after notice of assessment he could have filed a petition for reconsideration by the State Tax Assessor as provided by R. S., Chap. 17, Sec. 32. Upon a showing of cause he could have obtained an extension of the time for filing such a petition, also as provided by Sec. 32. Such action could have been followed by an appeal to the Superior Court as provided in Sec. 33. The taxpayer did none of these things and the assessment became final as to law and fact in accordance with the provisions of Sec. 32.

Apart from this method of reversing an unfavorable decision of the assessor only one other course was open to the taxpayer. R. S., Chap. 17, Sec. 15 provides in part: "If the failure to pay such tax when required to be paid is explained to the satisfaction of the assessor, he may abate or waive the payment of the whole or any part of such interest and, for cause may abate the whole or any part of such tax." The tax was subject to formal abatement but without such abatement no compromise, even if one were ever consummated here, was binding on the State of Maine.

Nor could the acts of state officials or employees in processing a check for less than the full amount of an unabated tax serve by way of ratification to bind the sovereign. The underlying principle involved is the same as that expressed in *Town of Milo* v. *Water Company,* 131 Me. 372, 379, wherein our court gave its opinion "that an equitable estoppel does not lie against a town in the exercise of its taxing power, which necessarily included the power of collecting taxes lawfully assessed. To hold otherwise would, we believe, be contrary to sound public policy and destructive of a fundamental sovereign right."

We are satisfied, however, that no hardship has in fact been imposed upon the taxpayer. He has paid the state

$337.26 on account of an obligation approximately $500 in excess of that amount. He has been given full credit for the amount so paid and has thereby stopped the running of interest thereon. If his check for $337.26 had not been erroneously processed by state employees but had been returned to him as he requested, a final judgment for the State in this proceeding, which upon the facts and applicable law now appears inevitable, would simply be increased by that amount with interest, and the position of the defendant would in the final result be the same.

Errors of law having been made to appear in the decision of the justice below, the entry will be

*Exceptions sustained.*