**ALEX LAWTON, Plaintiff**

v.

**STEPHEN PHILBROOK, Defendant**

Civil No. 26-1974

District Court of the Virgin Islands

Div. of St. Croix

July 10, 1974

EDWARD J. OCEAN, Christiansted, St. Croix, V.I., *for plaintiff*

NICHOLS & SILVERLIGHT, Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

MEMORANDUM OPINION AND ORDER

This appeal from a judgment of the Municipal Court

raises three issues frequently encountered in landlord-tenant cases: constructive eviction; surrender of a lease and accord and satisfaction. Appellant, Stephen Philbrook, leased a cottage from appellee, Alex Lawton, for a period of one year but left the premises after six months because he was bothered by barking dogs. Lawton brought this action to recover the unpaid rent for the remainder of the lease term and obtained a judgment for $1,200 plus costs and attorney's fees. I have examined the record and am satisfied that there are no errors which warrant reversal of the judgment.

██ The first issue argued at trial and briefed on this appeal is that the barking of appellee's dogs constituted a nuisance of such a serious character that it rendered the premises untenantable and constructively evicted appellant. The trial judge felt that if appellant was disturbed by appellee's dogs, and no others, appellee might be "chargeable" with the consequences (Tr. p. 58). However on the evidence presented he concluded that it was "impossible to distinguish whether the barking came from dogs owned by the landlord or from dogs owned by neighbors." (Memorandum and Order, November 19, 1973.) Appellant argues that his testimony at trial would support a finding that only plaintiff's dogs were at fault. While this may be true, the standard which I must apply on review of the lower court's finding is whether the conclusion that it was impossible to identify the offending dogs was clearly erroneous. I cannot so hold. There was evidence that many other dogs were present in the neighborhood and did bark at night. The Judge noted that barking dogs are "as much a part of our environment as sand, sea and sun." (Memorandum and Order, November 19, 1973.) He could properly decide that appellant was incapable of distinguishing the barks of the dogs in question and was not bound by appellant's self-serving testimony.

Because the trial judge determined that appellee's dogs were not the sole source of appellant's irritation, he did not specifically decide if barking dogs alone could constructively evict a tenant. However, I think that he implicitly concluded that the barking in this case was not sufficient. Appellant does refer to many cases holding that barking dogs are an enjoinable nuisance (11 A.L.R.3d 1399), but no authority is presented for the proposition that they always constitute such a serious nuisance that a constructive eviction takes place. Moreover, even if the dogs did render the premises untenantable, appellant's remaining in the cottage for six months after first noticing them probably waived the eviction.

 The second error raised is the court's apparent failure to rule on whether a valid surrender of the lease took place. Appellant testified that he thought he had permission to leave after forfeiting his security deposit and never would have left if he thought he would be liable for the balance of the rent due. (Tr. pp. 46–47.) Appellee testified that appellant did suggest such an agreement but that he refused, saying that there was a "full lease." (Tr. pp. 22–23.) This conflict in the testimony was for the trial judge to resolve. While it appears from his oral decision at the close of the trial that he was making no decision on this issue (Tr. p. 59), I think that his written Memorandum denying appellant's motion for reconsideration clarified his conclusion. In that opinion, Judge Joseph stated that the parties "made efforts to settle their dealings amicably, but failed." The lower court's decision that no surrender took place, because it is supported by sufficient evidence, cannot be disturbed by me on appeal.

 The final point raised on appeal is that acceptance of appellant's last check with the notation on the face thereof "final payment on lease per Alex Lawton" consti-

tuted an accord and satisfaction. The lower court, concerned that appellee had not seen the notation because it was not written on the back of the check (Tr. p. 58), concluded that no accord and satisfaction was present. Appellee's testimony provides sufficient support for the conclusion that the creditor had no actual knowledge of the notation (Tr. p. 34). As the trial judge pointed out in his Memorandum and Order of November 19th, the majority of cases hold that cashing of a check under such circumstances does not constitute an accord and satisfaction. This would be true whether the debt was liquidated or unliquidated. Therefore, I cannot reverse on this ground either.

### ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby

ORDERED that the judgment entered on April 25, 1973, in favor of plaintiff and against defendant be affirmed.