**Arvid MAGNO**

v.

**TOWN OF FREEPORT.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1984.

Decided Jan. 4, 1985.

Palmer & Ames, James G. Palmer, Lucy Bettis (orally), Brunswick, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, F. Paul Frinsko, Christopher L. Vaniotis (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

Arvid Magno, the plaintiff-appellant, appeals from summary judgment rendered against him on motion made by the defendant-appellee, Town of Freeport. We affirm the judgment of the Superior Court.

The plaintiff's complaint sought relief against the town's foreclosure of certain tax liens filed against the plaintiff's real estate located in Freeport. These liens involve municipal taxes assessed against the property for the tax years 1977 to 1981, both inclusive. On November 16, 1982, the plaintiff through his attorney tendered the aggregate amount of $3550.00 in payment of all taxes then due the defendant town in his attempt to redeem from the town's liens. Payment was refused on the ground that the statutory period of redemption applicable to these tax liens had already expired and, as a consequence thereof, the plaintiff's title to the property had been forfeited to the town.

The instant complaint was brought on December 2, 1983; the plaintiff requested from the Superior Court (Cumberland County) an order compelling the Town of Freeport to accept payment of the pertinent property taxes as assessed and to release all liens on his property on an asserted equitable estoppel theory. The defendant town joined the issues raised by the plaintiff's complaint by answer received on January 9, 1984. On June 1, 1984, the town filed its motion for summary judgment pursuant to Rule 56(b), M.R.Civ.P., supported by proper affidavits of the pertinent town officials and accompanied by a memorandum of law as required by Rule 7(b)(3). Simultaneously, by consent of counsel for both parties, the motion was scheduled for hearing on June 25, 1984. The only other pleading prior to the hearing date of June 25th was the plaintiff's motion for continuance of that hearing filed on June 22, 1984. The motion for continuance was denied and hearing on the motion for summary judgment was heard as scheduled.

By order dated June 25, 1984, received in the office of the clerk on June 27, 1984, at 8:12 a.m., the presiding justice granted the town's motion for summary judgment as requested. The plaintiff, on the latter day, *i.e.* on June 27, 1984, but in the afternoon of that day, to wit, at 1:21 p.m., filed in the clerk's office, in alleged opposition to the defendant's motion for summary judgment, an affidavit of the former town manager of the Town of Freeport, together with a memorandum of law in support of the plaintiff's position, these documents being respectively dated June 26th and 27th. Magno appeals from the judgment in favor of the defendant town, briefing and arguing initially his claim of error on the part of the court in denying his motion for continuance of the hearing respecting the town's motion for summary judgment.

### I. *Continuance*

As may happen in busy law offices, conflicts may arise in the schedule of lawyers with state-wide or multiple-county practices. In the instant case, the lawyer representing the plaintiff was trying a criminal case in Kennebec County, which, according to the affidavit filed in support of the motion for continuance, would extend through the week of June 25, 1984. In late afternoon of Friday, June 22, 1984, an associate of the plaintiff's lawyer filed the mo-

tion for continuance, supported by the associate's affidavit. The existing conflict of the plaintiff's counsel made it impossible for him, so the affidavit stated, to be present in the Superior Court, Cumberland County, on Monday, June 25, 1984, the date set for hearing of the town's motion for summary judgment. The affidavit further alleged that, "due to the complexity of this case, it is not practical for another attorney from the law firm to prepare for and attend the said hearing." Notwithstanding such assertion, it would appear that the associate was present at the Monday session, argued for the continuance, and, when that was denied, proceeded to argue in opposition to the grant of summary judgment. We do not have the benefit of any transcript of these proceedings and the justice below did not state his reasons for denying the motion to continue the hearing.

■ The party seeking a continuance has the burden of showing sufficient grounds for granting the motion and the ruling of the presiding justice denying relief is reviewable only for abuse of discretion. *See Farrell v. Theriault*, 464 A.2d 188, 191 (Me.1983); *Blue Rock Industries v. Raymond International, Inc.*, 325 A.2d 66, 79 (Me.1974); 1 Field, McKusick and Wroth, *Maine Civil Practice*, § 40.3, p. 566 (2d ed. 1970).

■ The fact that his attorney is professionally engaged elsewhere in the trial of a cause does not necessarily and automatically entitle a litigant to an absolute right to a continuance of his own pending cause, and the denial of the application for postponement of the matter for hearing or trial will ordinarily be sustained as an exercise of sound judicial discretion. *Maistrosky v. Harvey*, 133 So.2d 103 (Fla.App. 1961). In this case, no showing was made that the denial of the motion for continuance had any adverse prejudicial effect on the substantial rights of the appellant in connection with the summary judgment question. *Farrell v. Theriault, supra,* at 192. Each case must depend largely upon its own facts and circumstances. Here,

competent substitute attorney was present and apparently actively participated in the hearing; it is not intimated that there was a failure on the part of stand-in counsel to protect the plaintiff's rights at that stage of the proceedings fully and in effective lawyer-like manner. The court could take into consideration the fact that the issue before the court did not involve the trial of the cause itself, but only a procedural matter which a lawyer of ordinary skill and diligence should be able to deal with, as it had a right to take cognizance of the fact that plaintiff's regular counsel had not filed any memorandum of law in opposition to the town's motion for summary judgment within 10 days after service of the town's motion for summary judgment on June 1, 1984, as mandated by Rule 7(b)(3).

■ Upon review of this record, we are convinced that there was no showing made of any abuse of discretion on the part of the Superior Court justice in denying the plaintiff's motion for continuance.

## II. *Summary Judgment*

■ As noted previously, the plaintiff's counter affidavit and memorandum of law in opposition to the town's motion for summary judgment were filed in the clerk's office after the court's decision on the motion had been rendered by the hearing justice and received by the clerk. Nothing in this record indicates that the trial justice was informed of the belated filing, and there is no docket entry showing that he on his own initiative took any action in relation thereto. True, the plaintiff, who had not moved for a summary judgment in his favor on a motion of his own, could possibly, pursuant to Rule 56(c), have served affidavits in opposition to the town's motion for summary judgment at any time between June 1, 1984 and June 25, 1984, the date set for hearing, but, as the rule says, *prior to* that date. On the other hand, Rule 7(b)(3) states that a party opposing a motion, such as the plaintiff in this case, *shall file* a memorandum of law in opposition to the motion within 10 days after service of the

motion he opposes, unless another period of time is fixed by order of court. These procedural mandatory requirements of the rules may not be dispensed with informally as might be suggested by counsel's action in this case, if the objectives of our rules of civil procedure to secure the just, speedy and inexpensive determination of every action are to be met. The rules govern, and we decline to consider counsel's counter-affidavit and memorandum of law belatedly filed in this case.

The issue remains, however, whether it was proper for the trial court under the circumstances of the case to grant the town's motion for summary judgment. We answer in the affirmative.

 The party seeking summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact and that he is entitled to a judgment in his favor as a matter of law. *Atkins v. Atkins*, 376 A.2d 856, 859 (Me. 1977); *Akerley v. Lammi*, 217 A.2d 396, 398 (Me.1966); *Depositors Trust Co. v. Maryland Casualty Co.*, 157 Me. 493, 174 A.2d 288, 289 (1961). In the instant case, the defendant's supportive affidavits of the town manager-treasurer and of the town tax assessor fully qualified under Rule 56 to support summary judgment in favor of the town. In the absence of any counter-affidavit from the plaintiff indicating disputed facts respecting the establishment and maturity of the stated municipal tax liens placed against the plaintiff's property, these supportive affidavits clearly showed that the town did acquire title to the plaintiff's real estate for non-payment of municipal taxes assessed thereon and failure of the owner to exercise the right of redemption from the ensuing tax liens.

In this case, the plaintiff's complaint in effect admits the legality of the town's tax collection procedures, but seeks avoidance of the usual consequence of forfeiture of title to the property assessed for non-payment of taxes by reason of the factual scenario depicted in the complaint, which the plaintiff asserts should in equity estop the town from setting up its tax title against his offer of payment of the total tax indebtedness. We note that the town, in the affidavits in support of its motion for summary judgment, did not touch upon the facts of the complaint which, as contended by the plaintiff, should estop the town from claiming title to the plaintiff's property on the basis of matured tax liens.

 It is the underlying purpose of the summary judgment process to expose an untenable claim or defense by permitting the parties to attempt to establish the truth of the facts on which their claim or defense depends by affidavits verifying such facts. It is a purely procedural device for the expeditious disposition of cases in which there exists no material issue of fact to be tried and the ultimate question before the court is solely one of law. *See Bigney v. Blanchard*, 430 A.2d 839, 841 (Me.1981). It may be used to isolate a question of law which will be dispositive of the case. *Maine Civil Practice*, Field, McKusick and Wroth, 2d Ed., *Commentary*, § 56.1. Neither the defendant, nor the plaintiff in this case, sought to establish by affidavits that there exists no genuine issue as to any material fact respecting the plaintiff's allegations of the complaint allegedly supporting his claimed equitable estoppel against the defendant. Rule 56(c) expressly provides that summary judgment shall be rendered forthwith on motion for such summary judgment if *the pleadings*, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any*, do show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The pleadings in the instant case, the complaint and answer, indicate disputed facts respecting the equitable estoppel issue, and under ordinary circumstances summary judgment would be precluded to either party. *See Beckwith v. Rossi*, 157 Me. 532, 175 A.2d 732 (1961). The town's motion for summary judgment on the ground that the plaintiff's title had been forfeited by reason of the maturity of unpaid tax liens, sup-

ported as it was by sufficient affidavits respecting the town's tax collection procedures, while the plaintiff did not raise any issue in respect thereto by affidavit or otherwise, would necessarily conclude the plaintiff on that issue. But, where neither the defendant in its motion for summary judgment, nor the plaintiff in any cross motion, sought to explore the facts of the plaintiff's complaint regarding the raised issue of equitable estoppel to determine the existence *vel non* of any genuine issue in respect to those facts, that issue would ordinarily remain for trial, were it not for the law applicable to the collection of taxes. *See Perry v. Town of Friendship*, 237 A.2d 405, 409 (Me.1968).

The defendant town, in its memorandum of law in support of its motion for summary judgment, fully briefed the court below on its argument that the doctrine of equitable estoppel cannot be invoked to defeat the town's title acquired by tax lien foreclosure. No counter memorandum of law was filed by the plaintiff, except after the court's decision was rendered and filed. Although the court failed to give his reasons for granting the defendant town's motion for summary judgment, we presume that he was persuaded that the law in Maine was to the effect, as claimed by the defendant, that the doctrine of equitable estoppel did not apply in this case and, therefore, even if the facts of the plaintiff's complaint were proven to be true, the defendant town would still be entitled to judgment as a matter of law. We agree.

As we pointed out in *A.H. Benoit & Co. v. Johnson*, 160 Me. 201, 208–09, 202 A.2d 1, 5 (1964), local tax bills include in one single assessment municipal, county and state taxes committed by the State to the town for collection. In this pursuit of collecting these taxes, the town is the State, and to that extent exercises the fundamental rights of sovereignty of the State. *See also Inhabitants of Town of Milo v. Milo Water Co.*, 131 Me. 372, 379, 163 A. 163, 166 (1932). On the basis of public policy considerations, equitable estoppel is no defense in the collection of taxes assessed by a municipality upon real estate located therein, nor against the enforcement of the tax indebtedness through the statutory tax-lien-mortgage-foreclosure process. *See A.H. Benoit & Co. v. Johnson, supra; Dolloff v. Gardiner*, 148 Me. 176, 91 A.2d 320 (1952). *See also, State v. Keith*, 156 Me. 475, 478, 166 A.2d 485, 487 (1960).

In the absence of contrary provisions by statute or constitution, a municipality's title to property acquired under the tax-lien-mortgage-foreclosure statute, as involved in this case, is absolute, and the town or city has no duty to reconvey the property to the former taxpayer-owner on any theory of equity and good conscience (the basis of the doctrine of equitable estoppel) upon any tender of the full tax indebtedness, together with interest and costs. *See City of Auburn v. Mandarelli*, 320 A.2d 22, 32 (Me.1974). The taxpayer who believes that he is overassessed and wishes to contest the tax assessment may seek relief through the statutory procedure provided for abatement of taxes.

As stated in *Mandarelli*, at p. 32, "[w]hile we may sympathize with persons who suffer forfeitures under the statute, we are not free to invalidate an otherwise constitutional practice in order to avoid occasional hardships." We do not believe that the statutory tax collection procedure should be frustrated through the application of the doctrine of equitable estoppel.

In our view of this record, we find that there existed no material and genuine controverted factual issues in the case and the defendant town did clearly carry its burden of proof of its entitlement to summary judgment as a matter of law.

The entry will be:

Judgment of the Superior Court affirmed.

All concurring.