**UNITED STATES of America**

v.

**John NELSON, Jr. and Succession of Ernestine Garner Nelson.**

**Civ. A. No. 92–1343.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 25, 1993.

Robert A. Thrall, Asst. U.S. Atty., Shreveport, LA, for U.S.

A. Dale Smith, A. Dale Smith & Assoc., Ball, LA, for John Nelson, Jr.

Charles L. Hardy, III, Antoon & Brame, Alexandria, LA, for Ernestine Garner Nelson Succession.

**RULING**

LITTLE, District Judge.

Plaintiff, the United States of America on behalf of Farmers Home Administration ("FmHA"), brings this suit seeking judgment against defendant John Nelson, Jr. and in rem judgment against the Succession of Ernestine Garner Nelson on two promissory notes signed by the Nelsons and seeking recognition of four chattel mortgages secur-

ing payment of the notes. On 16 May 1988, John Nelson rescheduled two promissory notes, originally executed by John and Ernestine Nelson, by executing and delivering to FmHA two promissory notes: (1) one in the amount of $11,003 bearing interest at 4.5% per year and payable in yearly installments of $1,000 on 1 January 1989 and $1,010 every year thereafter until 16 May 2003, when the unpaid balance would be due ("Note 1"); and (2) the other in the amount of $30,460.48 bearing interest at 5.5% per year and payable in yearly installments of $3,000 on 1 January 1989 and $2,974 every year thereafter until 31 March 1989, when the unpaid balance would be due ("Note 2"). The notes are secured by four chattel mortgages: (1) one executed and recorded in the chattel mortgage records of Grant Parish on 5 May 1981; (2) one executed and recorded in the chattel mortgage records of Grant Parish on 22 July 1981; (3) one executed 1 July 1982 and recorded in the chattel mortgage records of Grant Parish on 2 July 1982; and (4) one executed and recorded in the chattel mortgage records of Grant Parish on 6 May 1983. FmHA remains the owner and holder of the notes. On 22 March 1991, FmHA sent a notice of acceleration to John Nelson. Neither John Nelson nor any putative heirs of Ernestine Nelson have attempted to cure the default. Plaintiff alleges that after all credits and offsets, Note 1 is past due in the amount of $10,480.42, plus accrued interest as of 11 June 1992 in the amount of $1,464.10 and additional interest accruing thereafter at an annual rate of 4.5%. Note 2 is past due in the amount of $28,988.93, plus accrued interest as of 11 June 1992 in the amount of $5,036.52 and additional interest accruing thereafter at an annual rate of 5.5%.

Before the court is the plaintiff's motion for summary judgment.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In our analysis, we view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir.1990). Before we can find that no genuine issues of material fact exist, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.* The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian*, 954 F.2d at 1131.

As the Fifth Circuit has noted, "suits on promissory notes provide fit grist for the summary judgment mill." *Federal Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988); *see also Topalian v. Ehrman*, 954 F.2d 1125, 1137 (5th Cir.1992); *Colony Creek, Ltd. v. Resolution Trust Corp.*, 941 F.2d 1323, 1325 (5th Cir.) ("because of the relative simplicity of the issues involved, suits to enforce promissory notes 'are among the most suitable classes of cases for summary judgment.'"), *reh'g denied* (5th Cir.1991); *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir.1973).

▪ A valid cause of action on a promissory note is asserted when the plaintiff alleges that it is the holder and owner of the note and that the note is in default. *See American Bank v. Saxena*, 553 So.2d 836, 842 (La.1989); *Gravois v. Helicopter Charter, Ltd.*, 416 So.2d 609 (La.Ct.App. 4th Cir.1982). "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." La.Rev.Stat.Ann. § 10:3–307(2) (West 1983). "Unless specifically denied in the pleadings each signature on an instrument is admitted." La.Rev.Stat. Ann. § 10:3–307(1). The plaintiff has produced the note. Neither John Nelson nor the curator appointed to represent the succession in this matter specifically denies the signatures. Plaintiff has therefore estab-

lished the elements of its claim for judgment on the notes. Thus, the only potential obstacle to summary judgment is the affirmative defense argued by defendant Nelson.

 Mr. Nelson opposes summary judgment with the affirmative defense of accord and satisfaction. Nelson claims that on 4 August 1992, he and farm management consultant Clayton Strebeck met with Alice Pharis, FmHA County Supervisor for Grant Parish. According to Nelson, Pharis appraised Nelson's collateral at $1,800 and accepted a check from Nelson in that amount as settlement. Nelson argues that this payment was to settle his entire indebtedness and constituted a net recovery buyout. Plaintiff argues that even if such a settlement took place, it was without effect. Plaintiff's first rationale for the agreement's impotence is that settlement of the claim was precluded because the claim had already been referred to the Office of General Counsel for the Department of Agriculture. Perhaps this is so. But plaintiff offers this court no authority whatsoever for this proposition. Plaintiff's second basis for challenging the settlement is that Pharis was without authority to approve the buyout under 7 C.F.R. § 1951.903(b) (1992). If Pharis was without actual authority, then plaintiff is entitled to summary judgment, for the United States cannot be bound under the doctrines of apparent authority and agency by estoppel. *See Hicks v. Harris*, 606 F.2d 65, 67–68 & n. 4 (5th Cir.1979).

By itself, the regulation at 7 C.F.R. § 1951.903(b) provides a less than clear explanation of a county supervisor's authority to enter into net recovery buyouts. In his supporting memorandum, Nelson focused solely on the sentence providing that "County Supervisors are authorized to accept a buyout when the borrower(s) pay the net recovery value of the FmHA security." 7 C.F.R. § 1951.903(b). Plaintiff, on the other hand, ignored this sentence entirely, fixating instead on the two sentences immediately following it: "Only State Directors are authorized to approve write-down of a borrower's debt. This includes debt written down when buy out at net recovery value takes place." Consequently, we ordered the parties to submit supplemental memoranda on the issue.

Nelson's supplemental brief added nothing to his first. Plaintiff's brief, however, directed our attention to the clarifying regulation at 7 C.F.R. § 1951.909(h). Section 1951.909(h) provides that where the debt is greater than or equal to net recovery value of the collateral, the county supervisor must forward the calculations to the state director for approval. 7 C.F.R. § 1951.909(h). Thus, county supervisors have authority to bind the FmHA in a buyout only where the debt is less than the net recovery value. As that is clearly not the case here, Pharis was without authority to settle Nelson's account, and the United States is not bound by her actions in this regard.

 Finally, Nelson argues that even if Pharis was without authority to approve the settlement, a genuine issue exists as to whether FmHA State Director, John McCarthy, subsequently authorized the buyout. This unsupported speculation will not defeat summary judgment. Plaintiff submits McCarthy's sworn affidavit in which McCarthy attests that he had no knowledge of the settlement. Nelson offers nothing to prove otherwise. Consequently, we find that no genuine issues of material fact remain and that plaintiff is entitled to summary judgment as a matter of law.

For these reasons, plaintiff's motion for summary judgment is GRANTED. Plaintiff shall submit to this court a proposed judgment.