## ROLAND SPELL and S/V "NICTE HA", Appellant
## v.
## A&J POWER SYSTEMS, Appellee

D.C. Civ. App. No. 1998-025

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 4, 2000

JAMES M. DERR, ESQ., St. Thomas U.S.V.I., *for Appellant*

FINCH, *Chief Judge, MOORE, and ROSS, Sitting by Designation.*

### OPINION OF THE COURT

PER CURIAM.

When Appellee A&J Power Systems ["A&J Power"] installed a new generator in appellant Roland Spell's ["Spell"] sailboat, the "Nicte Ha," it presented him with an invoice in the amount of $4,943.60. Spell had not received an estimate for the generator and sincerely believed that A&J Power was overcharging him for the work performed, so he wrote a $2,500.00 check to the appellee and marked it, "full and final payment."[1]

A&J Power crossed this language off Spell's check, deposited it, and then filed suit against the appellant for the unpaid balance in the Small Claims Division of the Territorial Court. (*See* App., Trial Tr., at 11.) After hearing testimony from the parties, the trial court

---

[1] (*See* App. Trial Tr., at 11; *see also id.* at 22 ("I felt that your word was your bond[,] and when you told me that you could install it for that price, I felt that was going to happen.") (statement of appellant).)

ruled that A&J Power was entitled to the unpaid balance plus costs because Spell should have known that installation was not included in the cost of the generator. (*See id.* at 30-31 (concluding that appellee "appropriately did charge additionally for the labor to install and . . . did itemize everything that was done").) The court rendered judgment against the appellant in the amount of $2,443.60, plus $40.00 in court costs. Spell appeals this judgment.

## DISCUSSION

This is a classic case of accord and satisfaction. The Appellate Division will exercise its jurisdiction under V.I. Code Ann. tit. 4, § 33, and reverse, directing the Territorial Court to enter judgment against the appellee, A&J Power.

The *Virgin Islands Code* contains no provision that controls this case. Section 281 of the Restatement (Second) of Contracts provides, however, that a creditor who indorses and cashes a debtor's check prominently marked "payment in full" generally "has made an *accord* under which he has promised to accept payment of the check *in satisfaction of the debt.*" See American Law Institute, Restatement (Second) of Contracts § 281 cmt. d (emphasis added). Payment under this accord terminates the previous contract. *See id.* § 281(a).

The trial court erred by not applying this provision to the undisputed facts of the case. "[I]n the absence of local laws to the contrary," the Restatements approved by the American Law Institute supply the common-law rules of decision to Virgin Islands courts. *See* 1 V.I.C. § 4.[2] A&J Power indorsed and deposited Spell's check, which draft clearly bore the words, "full and final payment." The appellee's deposit of that check extinguished the contract under which it attempted to reserve its right to further payment, in favor of the new accord. *See* Restatement (Second) of Contracts § 281 cmt. d ("The debtor generally cannot avoid the consequences of his exercise of dominion [over the draft] by a declaration that he does not assent to the condition attached by the

---

[2] This statute applies to all Virgin Islands courts, including the Small Claims Division of the Territorial Court. *See* 1 V.I.C. § 4; *see also* Terr. Ct. R. 64 (recognizing that, unlike most rules of procedure and evidence, substantive laws apply to small claims proceedings).

debtor."); *see also Lawton v. Philbrook*, 1974 U.S. Dist. LEXIS 7701, 10 V.I. 492, 494-95 (D.V.I. App. Div. 1974) (affirming trial court's conclusion that there was no accord or satisfaction because the creditor was not aware of the notation written on the debtor's check). The rule of accord and satisfaction laid down in the RESTATEMENT (SECOND) OF CONTRACTS has been embraced by the majority of American jurisdictions, including those within the Third Circuit. *See, e.g., McMahon Food Corp. v. Burger Dairy Co.*, 103 F.3d 1307, 1313 (7th Cir. 1996) (applying Illinois law); *Brunswick Corp. v. Levin*, 442 Pa. 488, 276 A.2d 532, 534 (Pa. 1971); *Potter v. Pacific Coast Lumber Co.*, 37 Cal. 2d 592, 234 P.2d 16, 18 (Cal. 1951). For example, one trial court concluded that the plaintiff had created an accord and accepted an offer to settle its payment dispute with the defendant by negotiating a check that the defendant had marked, "final payment." *See Occidental Chem. Corp. v. Environmental Liners, Inc.*, 859 F. Supp. 791, 792-93 (E.D. Pa. 1994). The same result attaches in this case.

■ When A&J Power accepted Spell's "full and final payment," it accepted the appellee's performance under a substitute accord and relinquished its right to pursue Spell for the amount allegedly owed. This accord was not unfair, unconscionable, or void for lack of consideration, so the trial court erred by failing to enforce it under the RESTATEMENT (SECOND) OF CONTRACTS. We will reverse and direct the trial court to enter judgment in the appellant's favor.

DATED this 4th day of February, 2000.

### ORDER OF THE COURT

AND NOW, this 4th day of February, 2000, having considered the parties' submissions, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

ORDERED that the judgment entered below is REVERSED. It is further

ORDERED that the Territorial Court shall enter judgment in the appellant's favor.