**BERNE CORPORATION, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, GERARD LUZ JAMES II,
Lieutenant-Governor of the Virgin Islands; LORNA WEBSTER,
individually and as Director of Corporations, Defendants**

BERNE CORP. v. GOVERNMENT OF V.I.

Civil No. 1999-367

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

December 21, 2004

JAMES M. DERR, ESQ., St. Thomas, V.I., *Attorney for Plaintiff Berne Corporation.*

JOANNE E. BOZZUTO, ESQ., HUGH A. GREENTREE, ESQ., Assistant Attorneys General, Virgin Islands Department of Justice, St. Thomas, U.S. Virgin Islands 00802, *Attorneys for Defendant Government of Virgin Islands.*

HODGE, *Judge*

## MEMORANDUM OPINION

(December 21, 2004)

Before the Court is Berne Corporation's (hereinafter "Plaintiff" or "Berne") Motion for Summary Judgment on Counterclaim. The Defendant Government of the Virgin Islands' ("GVI") opposed Plaintiff's motion and filed a Cross Motion for Summary Judgment to which Plaintiff filed an opposition. Having reviewed the numerous documents and considered the comments and arguments from counsel for plaintiff and defendant, and for the reasons stated more fully herein, the Plaintiffs' Motion for Summary Judgment is granted in part, while Defendant's Cross Motion for Summary Judgment is granted in part and denied in part.

## FACTS

Plaintiff Berne Corporation is a corporation duly organized and existing under the laws of the United States Virgin Islands. On or about February 2nd, 1998, Berne was assessed a deficiency in the payment of franchise taxes in the amount of $19,912.13 for alleged underpayment of franchise taxes for the period from 1980 to 1997. During the time period in question, Berne was duly licensed and authorized to conduct business within the Territory of the Virgin Islands. On or about May 29th, 1998, counsel for Berne wrote to the Director of the Division of Corporations and Trademarks challenging the method of assessment of franchise taxes and outlining its various arguments against the Government's method of calculating the franchise taxes. A Berne Corporation Check in the amount of $1,844.22 was enclosed with May 29th, 1998 letter from

107

Berne's counsel to the Director of the Division of Corporations and Trademarks. The May 29th, 1998 letter of Berne's counsel stated, *inter alia*, that "the government is not authorized to treat this tender as anything other than a payment tendered in full and complete satisfaction of a disputed obligation." The check was made payable to the Commissioner of Finance. It is undisputed that Defendant GVI accepted and deposited Berne's check in the amount of $1,844.22 in an account of GVI. Subsequently, Berne Corporation, prior to June 30th, 1999, filed a franchise tax return and tendered the sum of $150 to the Government of the Virgin Islands.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material only if it will affect the outcome of a lawsuit under the applicable law. *Suid v. Phoenix Fire & Marine Ins. Co.*, 26 V.I. 223, 225 (1991). The moving party bears the burden of proving that no material issue of fact is in dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting FED. R. CIV. P. 56(e)) (internal quotations omitted); *See also, Skopbank v. Allen-Williams Corp.*, 39 V.I. 220, 227-28 (1998). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which that party has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The standard for partial summary judgment is identical to the standard for full motions for summary judgment. *URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Educ.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

The issues presented in this matter are appropriate for summary judgment because there are no material issues of disputed fact. In this case the parties have entered into a stipulation of facts. The outstanding

issues before this Court are legal questions regarding the definition of "capital stock," accord and satisfaction and statute of limitation on the assessment of franchise taxes and may be resolved pursuant to a motion for summary judgment. *Tamarind Resort Assocs v. Government of the Virgin Islands*, 138 F.3d 107 (3d Cir. 1998).

## 1. Definition of Capital Stock in Computation of Franchise Taxes

Based upon the Court's June 26, 2001 decision in *Miller Properties v. Government of the Virgin Islands*, 44 V.I. 68 (Terr. Ct. 2001), as affirmed by the Appellate Division of the District Court of the Virgin Islands,[1] GVI's computation of Berne's franchise tax obligations for certain calendar years from 1980 through 1997 is incorrect. Section 531(a) of Title 13 Virgin Islands Code, "Rate and Computation of Franchise Tax" statute, provides:

> "Every corporation incorporated under the laws of the United States Virgin Islands and every foreign corporation qualified to do or doing business in the United States Virgin Islands shall pay to the Lieutenant Governor for the use of the Government of the United States Virgin Islands, a franchise tax of $1.50 for each thousand dollars of capital stock used in conducting business in the United States Virgin Islands. The minimum tax for any corporation except a V.I. foreign sales corporation, however, even though no capital or capital stock is so used, shall be $150.00. The franchise tax for a V.I. foreign sales corporation shall be $300.00. A full year's tax shall be collected for any portion of any tax year in which the corporation was in existence after December 31, 1993 ..."

Pursuant to the Court' June 26, 2001 Miller Properties' ruling, a proper assessment of Berne's capital stock should be accomplished by the Division of Corporations based upon the definition of capital stock set forth in VI Code ANN., tit. 13, § 100.[2] Section 100 of Title 13 Virgin

---

[1]    *See Government of the Virgin Islands v. AT&T of the Virgin Islands, Inc., et al.*, 274 F. Supp. 2d 731 (D.V.I. App. Div. 2003).

[2]    Section 100 of Title 13 Virgin Islands Code provides:
"The capital of any corporation having capital stock shall be an amount at least equal to the sum of the aggregate par value of all issued shares having par value, plus the aggregate amount of the purchase price received by the corporation for the issue of shares without par value, plus such amounts as, from time to time, by resolution of the board of

Islands Code is unambiguous. For purposes of 13 V.I.C. § 531, "capital" is the "sum total of corporate stock" as defined in 13 V.I.C. § 100, and the term is interchangeable with the term "capital stock."

■ Section 100 of Title 13 Virgin Islands Code was designed to provide the method for determining capital stock when par value stock or no par value stock, or both are issued, and to define the term "surplus". To be clear, for franchise tax purposes, a *par value share* that is issued and outstanding is taxed based upon the stated par value of that share, and a *no par value share* that is issued and outstanding is taxed based upon the purchase price for that share. The taxable value of a *no par value* share may be increased by action of a Corporation's Board of Directors.

## 2. Whether the Virgin Islands Code imposes a Statute of Limitation on payment of deficient franchise taxes, penalties and/or refunds

■ Berne Corporation claims that GVI waived its immunity from a statute of limitations defense in Section 533(c)(2) of Title 13, Virgin Islands Code, and as a result, the Government should be limited to collecting taxes for the years 1993 to 1999, and should be limited to imposing penalties only with respect to the payments due in 1998 and 1999. GVI argues that the Virgin Islands Statute of Limitation, Title 5. V.I.C. § 31 does not impose any limitations period on actions by the Government of the Virgin Islands to collect deficient franchise taxes. The Government of the Virgin Islands is not subject to the statute of limitations defense unless it is expressly waived. *In re Estate of Hooper*, 5 V.I. 518, 535, 359 F.2d 569, 578 (3d Cir. 1966). The Government has expressly waived its sovereign immunity in creating a statute of limitations for claims involving the nonpayment and/or underpayment of franchise taxes within 13 V.I.C. § 533(c)(2). *Government of the Virgin Islands v. Innovative Communications Corp.*, 215 F. Supp. 2d 603, 606-08 (D.V.I. 2002). Section 533(c)(2) of Title 13 Virgin Islands Code provides in pertinent part:

> "[N]o corporation shall be dissolved, and no foreign corporation shall have its authority to do business in the Territory revoked, for the non-payment of franchise taxes which the Government of the

directors, may be transferred thereto. The excess, if any, at any given time of the total net assets of the corporation over the amount so determined to be capital shall be surplus."

Virgin Islands is barred from recovering by the statute of limitations set out in Title 5, Section 31, of this Code."

This section makes clear that GVI is barred from recovering taxes beyond the limitations period set forth in Section 31 of Title 5 and prevents GVI from impairing a corporations right to do business in the Territory based upon barred deficiencies in the payment of franchise taxes. This, in the Court's view, is an express waiver of immunity from the statute of limitations defense in the instances of collecting franchise taxes and any penalties associated therewith.

Section 31 of Title 5, Virgin Islands Code, sets forth two limitation periods that are applicable in this case. Section 31(3)(B) creates a six year limitation period for any liability created by statute, which limitation has been expressly extended to GVI's claims for franchise taxes by Section 533(c)(2) of Title 13 Virgin Islands Code. *Innovative Communication Corp.*, 215 F. Supp. 2d at 608. Additionally, Section 31(5)(B) imposes a two-year limitation period for the collection of any penalties arising from the nonpayment of franchise taxes. Berne Corporation filed its complaint June 22nd, 1999. GVI is therefore barred from collecting any deficient franchise taxes due from Berne Corporation for years 1980 to 1992 and may only impose a penalty for years 1997 and 1998.

3. **Whether acceptance of a partial payment of franchise taxes identified as full and final payment of outstanding obligations created an Accord and Satisfaction and extinguished all obligations of Plaintiff with respect to franchise tax obligations then in dispute.**

Usually, whether an accord and satisfaction is reached presents a question of fact, which can preclude a grant of summary judgment. *See Garbaty v. Carpenter*, 20 V.I. 84 (Terr. Ct. 1983). However, the parties hereto entered into a stipulation of facts[3] regarding GVI's acceptance and

---

[3] The parties presented a Stipulated Facts that reads in its entirety as follows:

IT IS HEREBY STIPULATED by and between the parties hereto, by and through their respective counsel of record, that the following facts are established as true for the purposes of the trial in this action:

1. On or About May 29, 1998, James M. Derr, Counsel for Berne Corporation mailed correspondence to Ms. Lorna Webster, Director of the Division of Corporations and Trademarks, a true and correct copy of which is attached hereto.

endorsement of Berne Corporation's partial payment check tendered in full and complete satisfaction of its franchise tax obligations and there is no material issue of fact in dispute. The Court is called upon to answer the legal question of whether the Director of the Division of Corporations and Trademarks can adjust a franchise tax controversy pursuant to an accord and satisfaction.

Generally, where a claim is disputed or unliquidated, the creditor's acceptance and retention of a check tendered in full satisfaction constitutes an accord and satisfaction. *Spell v. A&J Power Systems*, 42 V.I. 200, 201 (2000) (applying RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. *d*) ("a creditor who indorses and cashes a debtor's check prominently marked "payment in full" generally has made an accord under which he has promised to accept payment of the check in satisfaction of the debt"); *City of San Juan v. St. John's Gas Co.*, 195 U.S. 510, 25 S. Ct. 108, 49 L. Ed. 299 (1904). This well-established common law principle which provides for accord and satisfaction by use of a negotiable instrument has been codified in Section 3-311 of Title 11A, Virgin Islands Code with minor variations. *See U.S. Bank National Association v. Whitney*, 81 P.3d 135 (2003). Section 3-311 was added to Title 11A, the Uniform Commercial Code ("UCC")[4] on February 1st, 2001, over one year after Berne Corporation tendered payment and one year and seven months after Berne Corporation filed its complaint.

Berne Corporation claims that the Government, by and through its agents, accepted its partial check tendered in full and complete satisfaction

---

2.    A Berne Corporation check in the sum of $1,844.22 was enclosed with the foregoing referenced correspondence.

3.    The foregoing check was negotiated and the funds deposited in an account of the Government of the Virgin Islands.

4.    Prior to June 30, 1999, Berne Corporation filed a franchise tax return and tendered the sum of $150 to the Government of the Virgin Islands. The Government of the Virgin Islands does not agree or stipulate that the tender of $150 satisfied the obligations of Berne Corporation with respect to the payment of franchise taxes.

The foregoing stipulations are made solely for purposes of the upcoming trial in this matter and shall not be deemed as stipulated to or admitted for any other purpose whatsoever.

*[Dated and signed July 14, 1999 by Attorney James M. Derr, Counsel for Berne Corporation, Plaintiff, and July 19, 1999 by Attorney Hugh Greentree, Counsel for Government of Virgin Islands, Defendant].*

[4]    Section 1-101(a) of Title 11A, Virgin Islands Code, provides that, "[t]his Title may be cited as the Uniform Commercial Code."

of a disputed amount, cashed the check and treated the proceeds as funds of the Government of the Virgin Islands, and thereby effect an accord and satisfaction that eliminated its remaining franchise tax obligations. GVI contends that the unauthorized acts of GVI's agents do not bind the Government. Before applying the common law doctrine of accord and satisfaction found in *Spell v. A & J Power Systems*, 42 V.I. 200, 201 (2000), and by analogy Section 3-311 of Title 11A, Virgin Islands Code, the Court must first determine whether or not accord and satisfaction applies to the Virgin Islands' franchise tax enforcement and collection. We have found no Virgin Islands case in point, but other jurisdictions applying general legal principles have held that a tax claim may not be compromised absent express statutory authorization. *Town of North Bonneville v. Bencor Corp. of America*, 646 P.2d 161, 162 (Wash. App. Div. 1 1982); *In re Tax Rolls*, 102 F.Supp. 785, 787 (D. Alaska 1952); *Monroe Logging Co. v. Department of Labor & Indus.*, 153 P.2d 511 (Wash. 1944) ("[t]hat an administrative officer has no power to waive the collection of taxes provided for by legislative enactment, is elementary"). In order for an employee or official of the Territory to bind the Government of the United States Virgin Islands to an accord and satisfaction, the employee/official must have been authorized to enter into the contract on behalf of the Government, or the Government must have ratified the agreement. *U.S. v. Nelson*, 821 F. Supp. 1137 (W.D. La. 1993); *Mil-Spec Contractors, Inc. v. United States*, 835 F.2d 865 (1987); *Eckert-Fair Const. Co. v. Capitol Steel & Iron Co.*, 178 F.2d 338 (5th Cir. 1949), *cert. denied*, 339 U.S. 928.

The Director of the Division of Corporations and Trademarks has no legal authority to bind the Government of the Virgin Islands to an accord and satisfaction, as there is no express statutory authorization permitting the compromise of a franchise tax claim. *See, Monroe Logging Co. v. Department of Labor & Indus.*, 153 P.2d 511 (Wash. 1944); *See also, St. Croix Hotel Corp. v. Government of the Virgin Islands*, 867 F.2d 169, 172 (3d Cir. 1989); *In re Estate of Hooper*, 5 V.I. 518, 535, 359 F.2d 569, 577 (3d Cir. 1966). Section 531a of Title 13 Virgin Islands Code, authorizes the Office of the Lieutenant Governor to forward to the Bureau of Internal Revenue documentation of the amount of franchise tax paid and collect any underpayment of such taxes. Pursuant to Section 531a of Title 13, Virgin Islands Code, the Director of Internal Revenue Bureau is to determine whether the amount of franchise

tax paid is correct. Section 534 of Title 13, Virgin Islands Code, authorizes the Commissioner of Finance to institute an action on behalf of the Government of the Virgin Islands to enforce the payment of any franchise tax. Nowhere in Chapter 5 of Title 13, Virgin Islands Code, is the Director of the Division of Corporations and Trademarks authorized to compromise the franchise tax obligations of taxpayers. One provision that allows the compromise of a Virgin Islands' tax claim is found in Section 1492[5] of Title 33, Virgin Islands Code, but that Section applies to claims arising under the internal revenue laws[6] of the Virgin Islands, of which the franchise tax laws are not a part. Neither can the deposit of Berne's check for less than the full amount of the stated franchise taxes by the Virgin Islands' employees and/or officials into a Government account serve as ratification to bind the Government of the Virgin Islands. *See, State v. Keith,* 166 A.2d 485, 487 (Me. 1960); *Lawton v. Philbrook,* 10 V.I. 492 (1974) (there is no accord and satisfaction because the creditor was not aware of the notation written on the debtor's check); *Standard Rice Co. v. Landers,* 284 S.W. 760 (Ark. 1926) (mere authority given an agent to indorse a check for deposit does not effect an accord and satisfaction based upon the receipt of a check for an amount less than that due where the agent does not have the authority to adjust the controversy).

■ It is further noted that in order to discharge a claim by means of accord and satisfaction, the essentials to a valid contract must be present, including proper subject matter, competent parties, a meeting of the minds of the parties, and consideration. 1 AM. JUR. 2D, *Accord and Satisfaction* § 5 (1994). A Virgin Islands franchise tax claim cannot be the subject of an accord and satisfaction, since it is neither a demand nor a debt. *See State v. Keith,* 166 A.2d 485, 487 (Me. 1960). The franchise tax obligation is established by statute and imposes on the taxpayer a duty to pay without any consent or agreement. *Id.* Since the accord

---

[5]     Section 1492(a) of Title 33, Virgin Islands Code provides:

   "(a) The Director may compromise any civil or criminal case arising under the internal revenue laws of the Virgin Islands prior to reference to the United States attorney for prosecution or defense; and the United States attorney or his delegate may compromise any such case after reference to him for prosecution or defense."

[6]     Internal revenue laws of the Virgin Islands is defined in Section 1931(6) to mean the provisions of Subtitle 1 of Title 33, Virgin Islands Code (except the provisions of chapter 7), and the Virgin Islands income tax law.

would be the result of an agreement between the taxpayer and the Sovereign, there must also be present mutual assent or a meeting of the minds, which is absent in this case. *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67 (5th Cir. 1987); *See Lawton v. Philbrook*, 10 V.I. 492 (1974); *Standard Rice Co. v. Landers*, 284 S.W. 760 (Ark. 1926); *State v. Keith*, 166 A.2d 485, 487 (Me. 1960).

Finally, to allow taxpayers to compromise their tax obligations to the Territory of the Virgin Islands by merely submitting partial checks to the corresponding department and/or division endorsed and tendered in full and complete satisfaction of their disputed tax claim is contrary to sound public policy. An agreement is against public policy if it is injurious to the interests of the public, or contravenes some established interest of society or some public statute, or is against good morals, or tends to interfere with the public welfare. *Canal Ins. Co. v. Ashmore*, 126 F.3d 1083 (8th Cir.1997). The Court has a duty to refuse to enforce a contract that is contrary to public policy and tends to injure the public good or contravene some established interest of society. *Thomas James Associates, Inc. v. Jameson*, 102 F.2d 60 (2d Cir. 1996). In determining that the alleged accord and satisfaction *sub judice* contravenes public policy, the Court considered: (a) the nature of the subject matter of the agreement; (b) the strength of the public policy underlying any relevant statute; (c) the likelihood that refusal to enforce the bargain will further any such policy; (d) how serious or deserved would be the forfeiture suffered by the party attempting to enforce the bargain; and (e) the parties relative bargaining power and freedom to contract. *See* 17A AM. JUR. 2D, *Contracts* § 244.

The power to impose taxes is a part of the legislative power granted by the Revised Organic Act to the territorial legislature and it has always been recognized as the rightful subject of legislation. *Virgo Corp. v. Paiewonsky*, 6 V.I. 256, 384 F.2d 569 (3d Cir. 1967), *cert. denied*, 390 U.S. 1041, *reh'g denied*, 392 U.S. 917. Section 531 of Title 13, Virgin Islands Code provides that every corporation and foreign corporation qualified to do or doing business in the United States Virgin Islands shall pay a franchise tax of $1.50 for each thousand dollars of capital stock used in conducting business in the United States Virgin Islands. Section 531a of Title 13, Virgin Islands Code provides that the Office of the Lieutenant Governor shall collect any underpayment of franchise tax, and further provides that any underpayment is subject to interest and

115

penalty. To enforce an accord and satisfaction upon the Territory of the Virgin Islands based upon its acceptance and endorsement of partial checks tendered in full and complete satisfaction of outstanding franchise tax obligations would allow taxpayers to contravene the elaborate franchise tax scheme set forth in Title 13 and circumvent its underlying policies. Application of the doctrine of accord and satisfaction to franchise tax enforcement and collection would permit inequality of taxation to arise indirectly and result in preferential treatment among individual taxpayers. To permit franchise taxpayers and the Director of the Division of Corporations and Trademark to alter and modify a corporation's tax obligation via an accord and satisfaction would reduce the reasonable scheme of Franchise Taxation set forth in Chapter 5 of Title 13, Virgin Islands Code into an irrational basis that is palpably arbitrary. *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 79 S. Ct. 437, 3 L. Ed. 2d 480 (1959); *Virgin Islands Terr. Bd. of Realtors v. Wheatley*, 6 V.I. 185 (1965). Furthermore, the Government will be required to monitor and reject partial payment checks submitted in full and complete satisfaction of disputed franchise tax claims and litigate for the full amount of the tax claim. This no doubt would increase the Government's administrative costs; be injurious to the Virgin Islands' treasury; and put franchise taxpayers at a distinct advantage. The foregoing result is contrary to that contemplated by the Franchise Tax laws, which provide the Lieutenant Governor with the power to penalize and pursue underpayments of franchise taxes; not reduce them by unauthorized accord and satisfaction.

## CONCLUSION

For the foregoing reasons, this Court concludes that a proper assessment of Berne's capital stock may be accomplished by the Division of Corporations based upon the definition of capital stock set forth in V.I. CODE ANN. tit. 13, § 100, for franchise tax purposes, a par value share that is issued and outstanding is taxed based upon the stated par value of that share, and a no par value share that is issued and outstanding is taxed based upon the purchase price for that share. The taxable value of a no par value share may be increased by action of a Corporation's Board of Directors.

The Government has expressly waived its sovereign immunity in creating a statute of limitations for claims involving the nonpayment

and/or underpayment of franchise taxes within 13 V.I.C. § 533(c)(2). Section 31(3)(B) creates a six year limitation period for any liability created by statute that has been expressly extended to GVI's claims for franchise taxes by Section 533(c)(2) of Title 13, Virgin Islands Code. Section 31(5)(B) imposes a two-year limitation for the collection of any penalties arising from the nonpayment of franchise taxes.

The Government of the Virgin Islands' acceptance and endorsement of taxpayers' partial checks tendered in full and complete satisfaction of outstanding franchise tax obligations do not effect an accord and satisfaction. A tax claim may not be compromised absent express statutory authorization. The Director of the Division of Corporations and Trademarks has no legal authority to bind the Government of the Virgin Islands to an accord and satisfaction and the deposit of Berne Corporation's partial check tendered in full and complete satisfaction into GVI's account does not serve as ratification to bind the Government. Furthermore, a Virgin Islands franchise tax claim cannot be the subject of an accord and satisfaction, since it is neither a demand nor a debt. In addition, an accord and satisfaction of a tax obligation is contrary to sound public policy. To permit franchise taxpayers and the Director of the Division of Corporations and Trademark to alter and modify a corporation's tax obligation via an accord and satisfaction will circumvent the Franchise Tax laws underlying policies and tend to injure the public good. Berne Corporation will not experience any unexpected hardship by the Court's rejection of its attempted accord and satisfaction.