STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-21-184


ROBERT BOCKO                          )
                                      )
            Plaintiff                 )
                                      )
      v.                              )            ORDER
                                      )
UNIVERSITY OF MAINE SYSTEM,           )
                                      )
            Defendant                 )
                                      )
                                      )

      Before the Court are the parties' cross motions for summary judgment. Plaintiff Robert

Bocko ("Bocko") seeks partial summary judgment as to Defendant University of Maine

System's ("UMS") liability for remedies under 26 M.R.S. §626-A. Defendant seeks summary

judgment as to all counts of Bocko's complaint. Also before the Court is Defendant's Motion to

Strike.[1] Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Partial

Summary Judgment is DENIED.

## FACTUAL BACKGROUND

      This case arises out of UMS's employment of Bocko. The issue before the Court is

whether 26 M.R.S. § 621-A requires Bocko's wages to be paid on an interval basis, as Bocko

claims. UMS asserts that Bocko, as an adjunct professor, is an exempt employee under the

statute and may therefore be paid in single installments rather than on an interval basis. The

following recitation of facts is derived from both parties' statements of material fact.

---

[1] Defendant seeks to strike certain allegations by Plaintiff related to the number of hours he spent preparing to teach his classes. Motions to strike factual assertions are not permitted by Rule 56. M.R. Civ. P. 56(i). Defendant's Motion to Strike is accordingly Denied.

REC'D CUMB CLERKS OFC
SEP 6 '22 AM10:50

In 2019, UMS engaged Bocko to teach a one-credit course at the University of Maine School of Law for the sum of $1,000. (Defendant's Statement of Material Facts ("Def. S.M.F.") ¶ 1.) Bocko prepared to teach the course in July, August, and September of 2019 and taught eight class sessions in October 2019. (Plaintiff's Statement of Material Facts ("Pl. S.M.F.") ¶ 4.) Between November 25 and December 4 of 2019, Bocko reviewed and graded a written course paper assignment. (Def. S.M.F. ¶ 3). UMS paid Bocko in a single lump sum on October 31, 2019. (Pl. S.M.F. ¶ 6).

In 2020, UMS engaged Bocko to teach a three-credit course at the University of Maine School of Law for the sum of $4,000. (Def. S.M.F. ¶ 6). Bocko prepared to teach the course in July, August, and September of 2020 and taught 26 class sessions from September through December 2020. (Def. S.M.F. ¶ 7). Bocko prepared a final examination in late November and early December, which he reviewed and graded between December 15 and 17 of 2020. (Pl. S.M.F. ¶ 14). UMS paid Bocko gross wages of $4,000.05 as follows: $1,333.33 on October 30, 2020; $888.92 on November 6, 2020; $444.45 on November 20, 2020; $444.45 on December 4, 2020; $444.45 on December 18, 2020; and $444.45 on December 31, 2020. (Pl. S.M.F. ¶ 15).

In October 2020, Bocko asked UMS whether it was required to pay wages in conformity with 26 M.R.S. § 621-A. (Pl. S.M.F. ¶ 21). Initially, UMS revised Bocko's employment agreement to allow for biweekly payments. (Pl. S.M.F. ¶ 23). However, in November 2020, UMS informed Bocko that he was exempt from 26 M.R.S. § 621-A because he performed the duties of a teacher. (Def. S.M.F. ¶ 10).

Bocko filed the instant complaint in Cumberland County Superior Court on May 12th, 2021, seeking judgment against UMS for breach of contract and violation of 26 M.R.S. § 621-A. On April 25, 2022, Bocko moved for Partial Summary Judgment on the issue of liability for

2

remedies. UMS filed its cross motion on April 27 and its opposition on May 16. Bocko filed his opposition on May 19 and his reply to UMS's opposition on May 27. UMS filed its reply on June 2.

## STANDARD OF REVIEW

When there are cross-motions for summary judgment, each motion is analyzed separately, with inferences drawn in favor of the opposing party. *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646. The principles otherwise remain the same. *Id.* Summary judgment is proper when review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Remmes v. The Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466. A fact is material if it has the capacity to affect the outcome of the case. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. An issue is genuine if the factfinder must choose between competing versions of the truth. *Id.* Summary judgment may be used to "isolate a question of law which will be dispositive of the case." *Magno v. Freeport*, 486 A.2d 137, 141 (Me. 1985).

To the extent that this case involves statutory interpretation, the goal of this Court is to give effect to the legislature's intent in enacting the statute, as indicated by the plain language of the statute. *Berube v. Rust Eng'g*, 668 A.2d 875, 877 (Me. 1995). Plain language is interpreted by "taking into account the subject matter and purposes of the statute, and the consequences of a particular interpretation." *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158, ¶ 21, 107 A.3d 621. This Court may reject statutory constructions that would create "absurd, illogical, unreasonable, inconsistent, or anomalous results if an alternative interpretation avoids such results." *Id.* If a

3

statute is ambiguous, but it has been interpreted by the administrative agency tasked with administering it, that interpretation will be given deference. *Competitive Energy Servs. v. Puc*, 2003 Me. 12, ¶ 15, 818 A.2d 1039.

## DISCUSSION

The parties largely agree on the factual context of this case. Bocko seeks partial summary judgment as to liability for remedies under 26 M.R.S. §626-A. UMS seeks summary judgment on the same claim, as well as Bocko's breach of contract claim. Both claims hinge on a question of law that may be appropriately resolved at the summary judgment stage: as an adjunct professor, is Bocko exempt from 26 M.R.S. § 621-A? This Court holds that he is.

## I.    Exemption to 26 M.R.S. §621-A

As a teacher, Bocko is an exempt employee. Under C.M.R. 12-170, ch. 16, § VI.B, teachers are among the "Special Cases." The Code provides that "[a]n employee whose primary duty consists of work as a teacher in the activity of imparting knowledge is exempted if the individual is both employed and engaged as a teacher." Bocko was employed by UMS and engaged as a teacher for the University of Maine School of Law. He is therefore exempt. Bocko claims that this exemption applies only to wages and overtime, not pay frequency. Even if Bocko were correct, he would still be exempt, based on the test set forth in the statute related to pay frequency.

26 M.R.S. § 621-A requires that employees be paid at regular intervals not to exceed 16 days. However, that requirement does not apply to "salaried employees as defined in section 663, subsection 3, paragraphs J and K," because those employees are exempt. 26 M.R.S. § 623. This exemption covers any "salaried employee who works in a bona fide executive, administrative or professional capacity and whose regular compensation, when converted to an annual rate,

4

exceeds 3000 times the State's minimum hourly wage or the annualized rate established by the United States Department of Labor under the federal Fair Labor Standards Act, whichever is higher." 26 M.R.S. § 663.

Bocko is exempt from 26 M.R.S. § 621-A because he fulfills the test set forth in § 663. Both parties agree that Bocko was working in a professional capacity in his position as an adjunct professor at the University of Maine School of Law. Bocko is also a salaried employee.[2] Although not defined within the statute itself, the Maine Department of Labor (DOL) defines the term "salaried employee" to mean "an employee who receives a predetermined fixed amount of wages that is no less than the amount required by 26 MRSA Sec. 663[(3)](K) which is paid on a weekly or less frequent basis." C.M.R. 12-170, ch. 16, § II.F. To the extent that there is any ambiguity as to the meaning of "salaried employee," the DOL's definition is entitled to deference. *NextEra Energy Res., LLC v. Me. PUC*, 2020 ME 34, ¶ 26, 227 A.3d 1117 (in absence of legislative definition, administering agency's interpretation of ambiguous term reviewed with great deference). It is undisputed that Bocko was an employee of UMS and that he received predetermined, fixed wages for both contracts. In 2019, the fixed amount was $1,000. In 2020, it was $4,000. Finally, as discussed below, both sums were greater than the amount required by 26 M.R.S. § 663.

26 M.R.S. § 663 requires conversion of a salaried employee's compensation into an annualized rate for the purposes of determining whether their compensation exceeds 3000 times the State's minimum hourly wage. The statute does not specify a particular method for this conversion, and the parties have advanced two markedly different approaches. Bocko argues that

---

[2] There is some dispute between the parties as to whether Bocko could instead be categorized as receiving compensation on a "fee basis." Where the test set out in § 663 may be met by an employee receiving a salary as well as an employee receiving compensation on a fee basis, the distinction is irrelevant. C.M.R. 12-170, ch. 16, § III.

5

because he was paid $1,000 to teach a class that spanned the month of October in 2019, the correct approach is to multiply the $1,000 by 12 (for the 12 months of the year), for an annual rate of $12,000. Similarly for 2020, Bocko argues that his $4,000 compensation for a three-month course should be multiplied by four (for four three-month periods in the year), for an annual rate of $16,000. Given that 3000 times Maine's minimum hourly wage was $33,000 in 2019 (3000 times $11.00) and $36,000 in 2020 (3000 times $12.00), Bocko's compensation would convert to an annual salary far below the statutory wage.

This approach has no nexus at all to the amount of time Bocko was required to work, and it leads to a highly inaccurate picture of his compensation. Under this approach, any employee who earned $1,000 in a month would be treated the same, whether they worked one hour or forty. This makes little sense where the purpose of the test is to determine whether an employee's payment exceeds minimum wage. This construction has the potential to create illogical and inconsistent results. The Court therefore rejects Bocko's approach.

UMS proposes a different approach. It argues that to determine an annual rate, Bocko's compensation must first be converted to an hourly rate. It proposes that the fixed amount paid to Bocko be divided by the hours of instruction for each course. For the 2019 course, this would mean $1,000 divided by approximately 13.33 hours of instruction (eight 100-minute classes), for a total of $75 per hour or $156,000 per year ($75 per hour times 40 hours per week times 52 weeks per year). For the 2020 course, this would mean $4,000 divided by approximately 39 hours of instruction (26 90-minute classes), for a total of $103 per hour or $213,333 per year ($103 per hour times 40 hours per week times 52 weeks per year). Both annualized rates far exceed the test of 3000 times Maine's minimum hourly wage.

6

Bocko takes issue with UMS's approach, mainly because it does not account for the hours Bocko spent working outside of the classroom. While it is undeniably true that professors do a significant amount of work outside of class, including that work in these calculations has the potential to lead to inconsistent results. Where Bocko claims to have spent an average of ten hours preparing for each class, it is entirely possible that a different professor would spend no more than one or two hours. Bocko himself, if he continues teaching, may find that each subsequent year requires less preparation than the year before. It would make little sense for Bocko to be covered one year and exempt the next, simply because he spent less time preparing for class. Ultimately, the Court adopts UMS's approach, which it finds to be reasonable and consistent.

In sum, Bocko is exempt from the pay interval requirements of 26 M.R.S. § 621-A because he was employed as a teacher by UMS and engaged as a teacher for the University of Maine School of Law. It is not necessary that his employment relationship with UMS meet the test set out in § 663. However, even if it were necessary, Bocko's employment does satisfy the test, because he was a professional, salaried employee making far more than 3000 times Maine's minimum hourly wage.

## II. Liability for Remedies Under 26 M.R.S. § 626-A

UMS is not liable for remedies under 26 M.R.S. § 626-A. That statute provides that an employer who violates § 621-A is "subject to a forfeiture of not less than $100 nor more than $500 for each violation." They are also liable to their employee for unpaid wages plus reasonable interest, attorney's fees, and an additional amount of twice the unpaid wages as liquidated damages. However, where there is a bona fide dispute between the employer and employee, these remedies do not become available until "8 days after demand when the wages, are, in fact,

7

due and remain unpaid." Here, where Bocko is exempt from § 621-A, UMS did not violate § 621-A. Moreover, even if UMS had violated § 621-A, there is no evidence in the record that Bocko demanded payment from UMS or that any amount remains unpaid. Thus, Bocko is not entitled to the remedies set forth in 26 M.R.S. § 626-A.

## III.    Breach of Contract

UMS also seeks summary judgment on Bocko's breach of contract claim. Bocko alleges that § 621-A imposed upon UMS statutory employment contract terms that required it to pay him at regular intervals not to exceed 16 days and that § 621-A gave Bocko an immutable right to be paid at least every 16 days. Bocko therefore claims that UMS breached its contract by failing to pay him on an interval basis. UMS argues against construing § 621-A as creating an implied term in private contracts. Because this Court holds that Bocko was exempt from this statutory requirement, it need not reach that issue. It is sufficient to hold that, where Bocko was exempt from § 621-A's pay interval requirement, he cannot prove that UMS was in breach by paying his salary in a lump sum rather than an interval basis. Therefore, Bocko cannot present a prima facie case for breach of contract. *Oceanic Inn, Inc. v. Sloan's Cove, LLC*, 2016 ME 34, ¶ 26, 133 A.3d 1021.

**Entry is:**

Defendant's Motion for Summary Judgment is Granted as to all counts. Plaintiff's Motion for Partial Summary Judgment is Denied. Defendant's Motion to Strike is Denied. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:    9/6/20

John O'Neil Jr.
Justice, Maine Superior Court

8